rested for uncertainty. Where a judgment is arrested for such defects in the verdict, a *venire de novo* must be awarded. *Gould* 526. The court below were, therefore, in error in not arresting the judgment in this case, which we have here is uncertain and imperfect.

As it is uncertain whether the finding is within or without the pretensions of the plaintiff, it is a case, certainly not proper for a remittitur.

We express no opinion on the question, whether the supersedeas judgment is a binding and operative judgment, no question on this subject having been raised in the bills of exceptions.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.

---

STATE, USE OF SUSANNA HICKLEY, ADMINISTRATRIX OF CATHARINE HICKLEY, *vs.* D. STEWART AND J. I. GROSS, EXECUTORS OF JOHN GROSS.—*December,* 1842.

An appeal will lie from the judgment of the county court setting aside an award.

Where a cause had been referred to arbitrators, with power to decide all matters in controversy between the plaintiff and defendant, and the arbitrators had returned an award, subject to no exception upon the face of it, upon a motion to set the award aside, the court will not receive parol proof to control or alter the terms of the submission, nor the depositions of the arbitrators to show the character of the items of which the award was composed, or that they had decided upon a matter before the reference finally adjudicated, and so not within the submission.

Where the county court set aside an award, and their decision upon appeal is reversed, there being no objection to the award on its face, nor any thing in the record to impeach it, this court will enter judgment in conformity to it.

APPEAL from *Baltimore* county court.

This was an action of DEBT, commenced on the 31st December, 1834, by the appellant against *John Gross,* deceased. The plaintiff declared on the bond of *John Gross* of the 27th April, 1837, conditioned for the due performance by him

of the office of administrator of *Sebastian Hickley*, deceased. The defendant pleaded general performance. The plaintiff assigned breaches, when, without rejoinder, the cause was referred to WILLIAM G. READ and JOHN J. LLOYD, with power to choose a third in case of difference, and to decide all matters in controversy between *S. H.*, administratrix of *Catharine*, and *John Gross*, administrator of *Sebastian Hickley*, under a rule of court.

The arbitrators returned the following award:

" STATE of MARYLAND, use Susanna Hickley, administratrix, with the will annexed of Catharine Hickley, *vs.* JOHN GROSS. We, *William G. Read* and *John J. Lloyd*, referees by *Baltimore* county court, in the above named case, having given due notice to the parties of the time and place of hearing their respective allegations and proofs, and having heard and duly considered their said allegations and proofs, do award and determine, that the said defendant, *John Gross*, is indebted to the said plaintiff, in manner and form as the said plaintiff has declared against him; and we do further award and determine, that judgment for the plaintiff be entered in the said case, for the debt and damages in the declaration and costs, to be released on the payment of the sum of three thousand two hundred and seventy-five dollars and twenty-five cents, with interest from the date hereof, and costs, till paid. Given under our hands and seals this 20th day of July, 1838.

WILLIAM GEO. READ,  (Seal.)

JOHN J. LLOYD,       (Seal.)"

Which said award is thus endorsed, to wit: "Service of copy admitted.          D. S. *for J. Gross.*

At September term, 1838, the defendant objected to a confirmation of the award, and prayed the court to set aside the same, for the following reasons, to wit:

1st. Because the said award decides matters not in controversy between the parties in this, to wit: that on a matter finally decided by the Court of Appeals of this State, on an appeal between the present parties, the said court, before the date of the reference under which the said award was rendered,

finally decided that the said defendant was wholly free and discharged from said matter of claim, and in no wise liable to said plaintiff, for or on account of the same, as will appear by a copy of the opinion of the Court of Appeals in said case, herewith filed, and prayed to be considered as making a part of this objection.

2nd. Because the said arbitrators, in making the said award, went contrary to law, in this; that as the said matter, as before stated, was so finally decided by said Court of Appeals, the same was not, and could not be considered as embraced by the terms of said reference.

3rd. Because said award is in other particulars contrary to law.

At May term 1840, the death of *John Gross* was suggested, and at January term 1841, the present appellees were brought in by attachment, and appeared to the action.

At the hearing of the motion made to set aside the award, the defendants offered in evidence the record of the Court of Appeals, in the case of *John Gross,* appellant, and *Susanna Hickley,* administratrix de bonis non of *Catharine Hickley,* appellee, which record in the Court of Appeals, it is agreed, may be read as evidence in the trial of this case in the Court of Appeals, as by agreement filed. "*Hickley,* admintratrix de bonis non of *Hickley vs. Stewart* and others, executors of *J. Gross.* In *Baltimore* county court, September term 1841. It is agreed in this case, that the record of the case in the Court of Appeals, of *Gross vs. Hickley,* administrator of *Hickley,* on appeal from the orphans court of *Baltimore* county, be read in the Court of Appeals, upon the argument of the appeal in this case, to have the same effect and operation as if now inserted in the record, and transmitted as a part of the transcript to the Court of Appeals."

The defendant further offered in evidence the affidavit of *David Stewart,* duly taken on the 25th October, 1839; that at the time of the reference in this case, he the said *David Stewart* did not consider that the credit of $3,006.75, given the said *John Gross,* as administrator of *Sebastian Hickley,* in his ac-

count as administrator, settled in the orphans court of *Baltimore* county on the sixth day of July, 1829, was a matter in dispute in this cause, as the same had been passed upon and allowed by the Court of Appeals of *Maryland*, at its December term 1835, as a proper credit in the accounts of the said administrator; and the said defendant further made oath, that he intended the said reference to embrace other items in controversy, altogether exclusive of the credit above mentioned, and that upon this view of the subject, he informed his client of the reference, and particularly, that the aforesaid item was not again to be contested before the referees.

The defendant further offered in evidence the statement of the arbitrators, *John J. Lloyd* and *William George Read:*

We state, that when the said cause was before us as referees, the plaintiff claimed for an item of \$3,006.70, for which said *John Gross*, in his administration account, as administrator of *Sebastian Hickley*, deceased, had obtained credit in July, 1829, without having paid it. On the other hand the defendant's counsel contended, that that item was not open for our examination, because the opinion and decree of the Court of Appeals of *Maryland*, in the case of *Gross*, administrator c. t. a. of *Sebastian Hickley vs. Susanna Hickley*, administratrix, &c., on appeal from the orphans court, was conclusive as to it, and that it was not submitted to us in the above cause. The evidence in relation to said item was taken, subject to said objection and exception of the defendant's counsel. On consideration, it was decided by us, as referees, that although the said opinion and decree of the Court of Appeals were entitled to our highest respect and consideration, yet as that decree remanded the cause for further proof in the orphans court, and was in a different suit, and as evidence was before us on this point, which was not in the record before the Court of Appeals, by which new evidence it was perfectly clear to us, that said *John Gross* had not in fact paid the said sum of \$3,006.70, at the time he so obtained credit for it in his administration account aforesaid, but only paid at that time \$500, and afterwards, on the 11th July, 1830, he paid on account of it the further sum

of $500, and afterwards, on 2nd February, 1833, he paid the further sum (on said account,) of $1,066.89, and no more; and it further being proved to us, that in the settlement made between said *Gross*, as administrator of *Sebastian Hickley*, with *William Hickley*, on 20th January, 1833, (paper A,) that said *William Hickley* acted on the belief that said *John Gross* had only obtained credit on his administration accounts of *Sebastian Hickley's* estate for what he had actually paid, and that in said settlement, the fact of this item of $3,006.70, or part of it, was still outstanding against said estate, was not taken into consideration, we the said referees, in making up our said award, charged said *John Gross* with the debt of $3,006.70, and also $100, (the reason for which we do not now recollect, though we were satisfied at the time, that said additional charge of $100 was correct, and suppose now it was on account of the difference of interest from July, 1829, when *Gross* got credit for it,) and in said award we credited said *Gross* with the payments which he had in fact made on account of said $3,006.70, to wit, with $500 paid in July, 1829; $500 paid on 11th July, 1830, and $1,066.89, paid on 2nd February, 1833, and also charged and credited various other matters, which we understand, it is not material here to state.    It was also in proof before us, that a certain receipt, (or receipts, as *Mr. Read* thinks,) which, in the aforesaid opinion of the Court of Appeals, was treated as in the posses- sion of and belonging to said *John Gross*, did not belong to him, but was the property of and in the possession of *John I. Gross*, as the administrator of the above named *William Hickley*.        JOHN J. LLOYD,

7th October, 1841.        WILLIAM GEORGE READ.

And proved the truth thereof by the oral examination of said *Lloyd*.

The plaintiff then offered in evidence by *John J. Lloyd*, one of the arbitrators, that it was not his habit to state the reasons for his awards on the face of the awards, unless the parties requested it before it was known by them how it was to be decided, and that when he did not state the reasons on the

face of the award, it was not his habit to disclose the reasons after the award was rendered, not because he was unwilling that they should be known, but because he did not think it just to give the party against whom it was made such an advantage, after having taken the chance of an award in his favor. That in the present case, the counsel for the defendants had called on witness and *Mr. Read* to give them a statement of the grounds on which the award was made, and they had declined assigning therefor the reasons above stated, but both witness and *Mr. Read* stated to them that they were willing to give such a statement if the counsel on both sides consented to it, or if the court should direct it. After this the written statement was made in order to prevent delay, in case the said *Lloyd* and *Read* should be absent, and it was handed to the counsel, subject to the same objections as if the arbitrators had been on the witness' stand. On its being arranged between the court and counsel that we should go out and make the statement subject to exceptions, we read the written statement as his testimony, and proved that when the said reference took place, the said *William George Read* and *John J. Lloyd* were attorneys of this court, have been, and still are.

The plaintiff further read without objection the affidavits of *George Gordon Belt* and *John I. Gross*, heretofore filed by the plaintiff in this cause:

"THE STATE OF MARYLAND, use of Susanna Hickley, administratrix, with the will annexed of Catharine Hickley, *vs.* DAVID STEWART AND JOHN I. GROSS, executors of John Gross. In *Baltimore* county court, September term, 1841. Be it remembered, that on this eighteenth day of September, in the year eighteen hundred and forty-one, *George Gordon Belt*, in open court, made oath that he instituted the aforegoing suit as counsel and attorney for the plaintiff, and negotiated and agreed upon the reference thereof with *David Stewart, Esq.*, now one of the defendants, but then the counsel of *John Gross*, the deceased; that at the time of the reference, deponent believed that all matters of account against the defendant, *John Gross*, as administrator of *Sebastian Hickley*, and all matters

or claims whatever against him as such administrator, embraced by the pleadings in the cause, and including the item of $3,006.75, mentioned in the deposition of *David Stewart, Esq.,* heretofore filed in this cause, were referred to and open to the examination of the arbitrators selected by the parties; that he so informed his client, through her father and agent, *Lewis Gross,* whilst the parties were negotiating the reference, and before it was yet made; that it was never intimated to him by *David Stewart, Esq.,* or any other person, that said item or claim of $3,006.75, was not a matter or claim in dispute in this cause until the trial thereof before the arbitrators, nor then otherwise than by the allegation and argument of counsel; that the decision of the Court of Appeals in the said deposition of *David Stewart, Esq.,* referred to, was final and conclusive. Deponent further says, that if it had been intimated to him that said reference was not general, but was exclusive of said item of $3,006.75, said reference never would have been assented to. Deponent further says, that much testimony in addition to that before the Court of Appeals, and in explanation of parts of it, was adduced before the arbitrators, applicable to the said item of $3,006.75 by the plaintiff, and as he believes by the defendant, and that said item was fully tried and argued upon the law and upon the merits by both parties, before the arbitrators, but deponent does not know the items of charge embraced in the award."

The deposition of *John I. Gross* states, "that he was a witness at the trial of the above cause before the arbitrators, and attended several meetings; that upon one occasion, when deponent was present, *John Gross,* the defendant, *Lewis Gross,* the father of *Mrs. Hickley,* and acting for her, and *Andrew Shorb* and others, were also present; that in the course of the proceedings an altercation sprang up between *John Gross* and *Lewis Gross,* and that afterwards, in frequent conversations with this deponent, and in reference to said altercation, the said *John Gross* told this deponent that all matters in dispute were left to the arbitrators to be settled. Deponent further says, that on the occasion above mentioned, the matter in rela-

tion to *Shorb's* debt was examined into before the arbitrators, and was one of the subjects before them."

To all which offers of evidence by the defendant, when made the plaintiffs objected as soon as the offer was made, and then objected to the admissibility of the affidavit of *David Stewart*, upon the following grounds:

1st. That said affidavit was inadmissible in evidence for the purpose of controlling or altering the terms or construction of the agreement of reference, and rule of reference, under which the above cause was referred to arbitrators.

2nd. That said affidavit was inadmissible in evidence for the purpose of proving that any matter of difference embraced by the said agreement and rule of reference, under which the said cause was referred as aforesaid, was not submitted to said arbitrators by said agreement and rule of reference.

The plaintiff also objected to the admissibility of the affidavit of the arbitrators, upon the following grounds:

1st. That said statement of the arbitrators, verified by the affidavit of said *Lloyd*, was inadmissible generally as evidence on the hearing of this motion.

2nd. That said statement, verified by the affidavit of said *Lloyd*, was inadmissible as evidence for the purpose of showing in what manner said arbitrators had made up their award, and what items of claim were embraced in it.

3rd. That said statement, verified by the affidavit of said *Lloyd*, was inadmissible in evidence for the purpose of showing the grounds of the decision of said arbitrators as to any claim embraced by their said award.

4th. That said statement, verified by the affidavit of said *Lloyd*, was inadmissible in evidence for the purpose of proving that the said arbitrators committed any error in law in making their said award, or that there was any error in law committed by said arbitrators in said award in allowing any claim embraced by said award.

But the court (ARCHER, C. J., and PURVIANCE, A. J.,) were of opinion that the deposition of *David Stewart* was admissible, and that so much of the deposition of *John J.*

*Lloyd, Esq.*, as stated the subject matter of the award filed in this case and the character of the items of which it was composed, was admissible; and also that part of said deposition of *John J. Lloyd* which show the claim of the plaintiff and the denial of the defendant, that said claim was within the submission, is also admissible for the purpose of showing that the arbitrators had in their award decided on a matter already, before the reference finally adjudicated, and not within the submission; to which opinions of the court and to each and every of them, and to their reception of the affidavit of *D. Stewart* and *J. J. Lloyd* for the purpose aforesaid, the counsel of plaintiff excepted.

The paper marked A, referred to in the aforegoing exceptions, is as follows, to wit:

DR.  *William Hickley, in account current with John Gross, Baltimore.*

|  | Amount. | Interest. |
|---|---|---|
| 1829, Oct. 20—To cash paid att'y. Stewart | $200 00 | |
| "          " cash lent you, | 60 00 | |
| " 23  " cash lent you, | 100 00 | |
| Interest 3 years and 3 months on $360, | | 70 20 |
| Nov. 14—To cash paid officers' fees, &c. | 15 84 | |
| " 5  " cash lent you, | 100 00 | |
| Interest 3 years and 2 months on $115, | | 21 85 |
| 1830, Jan. 27—To cash paid insurance, | 10 40 | |
| " cash paid  do. High and Low Streets, | 100 00 | |
| " cash paid, | 2 50 | |
| Interest 3 years on $100, | | 20 16 |
| July 11—To cash lent you, | 30 00 | |
| " cash paid Shorb's note, | 500 00 | |
| Interest 2 years 6 months on $530, | | 79 50 |
| Augt. 30—To cash paid, | 1 50 | |

State, use of Hickley, *vs.* Stewart and Gross.—1842.

| | | | | | |
|---|---|--:|--:|--:|--:|
| Sept. 21—To 1 pannel for tomb stone, | | 100 | 00 | | |
| | " 4 tomb stones at $20, | 80 | 00 | | |
| | Interest 2 years and 4 months on $180, - | | | 25 | 34 |
| Dec. 2—To cash lent you, - - | | 15 | 00 | | |
| | " cash paid ground rent, | 9 | 37 | | |
| | Interest 2 years and 1 month on $24, - | | | 3 | 07 |
| 1831, Nov. To cash paid White and Chase for rent, - | | 87 | 50 | | |
| | Interest 1 year and 2 months on 87, - | | | 6 | 09 |
| 1832, Augt. 31—To cash lent, - - | | 200 | 00 | | |
| | Interest 4½ months, - | | | 4 | 50 |
| | To cash lent, - - | 150 | 00 | | |
| | Interest 1½ months, - | | | 1 | 12 |

|  | | | | | |
|---|---|--:|--:|--:|--:|
| | | $1,762 | 11 | 231 | 83 |
| To amount of interest to date, - | | 231 | 83 | | |
| | | $1,993 | 94 | | |
| Amount of interest on $2,607 for 3 3 years and 3 months, paid to Shorb, | | 247 | 66 | | |
| | | $2,241 | 60 | | |

Cᴿ.

| | | | | | |
|---|---|--:|--:|--:|--:|
| 1829, Oct. 20—By cash, Cathedral money, | | $3,447 | 00 | | |
| | Interest for 3 years and 3 mos. at 6 per cent. | | | 672 17 | 673 17 |

| | | | |
|---|--:|--:|
| | $4,119 | 17 |
| | 2,241 | 60 |
| Due W. Hickley, - - - | $1,877 | 57 |
| To error in calculation of interest on $2,607 | 260 | 71 |
| E. E. Due W. H. | $1,616 | 86 |

And thereupon, after the evidence had been offered, which is stated or referred to in the aforegoing bill of exceptions, and upon the hearing and consideration by the court here, of the said evidence, and of the exceptions taken on behalf of the defendants to the award filed in this cause, it is considered by the court here, that the award aforesaid, be and the same is hereby set aside, and held entirely as void, and of no force or effect. The plaintiff appealed to this court.

The cause was argued before BUCHANAN, C. J., STEPHEN and SPENCE, J.

By McMAHON, for the appellant—

The 1st exception taken in this cause relates to the admissibility of the depositions of *David Stewart* and *John J. Lloyd.* And the appellants will contend, that the court below erred in receiving said testimony, and especially in receiving it for the purposes stated in said objections, or any of them.

The 2nd exception relates to the decision of the court below, setting aside the award, which decision, the appellants will maintain, was erroneous, and in support of their allegation of error, will contend for the following propositions:

1st. That the reference in this case gave the referees the power of deciding upon all claims or demands involved in, or within the scope of the action referred, and all matters in controversy between the parties, and especially upon the propriety and justice of the allowance claimed and given in the accounts of said *John Gross*, as administrator of *Sebastian Hickley*, (as settled in the orphans court,) for the alleged payment of the debt due to *Shorb* by said *Hickley.*

2nd. That the extent and effect of said reference could not be in any degree qualified or restricted, nor the right of the referees to decide upon the justice of the said allowance for *Shorb's* debt, as a matter in fact in controversy between the parties, in any respect affected by the mere undivulged impressions or belief of *Gross*, or his counsel, as to the extent of the reference, even if the evidence of the same were admissible.

3rd. The decree of this court was not final and conclusive, so as forever to debar the appellant in this case from controverting the right of said *Gross* to the said allowance made him for *Shorb's* debt, in his accounts, as settled in the orphans court; and that either, upon the trial of the action on the bond in *Baltimore* county court, or of the matters referred before the referees, it was competent to said appellant, notwithstanding said decree, to controvert *Gross'* right to said allowance.

4th. That whether said decree was or was not final, the said appellant might, at the trial of the action on said bond, have objected, that the same was not final, and was entitled to have that question tried and decided; that the question, as to the effect of said decree, was open to contest, and was in fact, a matter in dispute; and that the said action, and all matters in controversy having been referred, the decision of the referees upon the effect and conclusiveness of said decree, was final and conclusive, (and above all, in a case where the referees were attorneys or legal arbitrators,) and that the court below had no right to review or correct their decision, on that or any other question that arose in the trial before the referees, even if erroneous, there being nothing on the face of the award disclosing any such error.

5th. That even if the arbitrators exceeded their authority in disallowing the allowance for *Shorb's* debt, the court below erred in setting aside the whole award.

By J. Johnson and G. M. Gill, for the appellees, who moved to dismiss the appeal, and maintained the converse of the appellant's propositions.

Upon the motion to dismiss the appeal, they insisted—

1st. That at the time when the appeal was prayed and taken, there was no final judgment of *Baltimore* county court, and that the judgment appealed from was interlocutory, and not final.

2nd. That it was in the power of *Baltimore* county court to re-instate the said cause, and direct the same to be tried as

other causes are tried in *Baltimore* county court, and it does not appear whether the same was so re-instated or not; the appeal having been taken from the judgment of that court, setting aside the award.

BY THE COURT—

Let the judgment of the county court be reversed, and judgment be entered upon the award for the appellants.

JUDGMENT REVERSED.

MASON AND LEEF *vs.* THE FRANKLIN FIRE INSURANCE COMPANY.—*December*, 1842.

A policy of insurance against fire, upon a vessel, building in the port of *Baltimore*, and for a specified period, is not controled in its operation by proof of usage in other ports of the Union. Such usage could not be considered as entering into the views of the parties in the present contract.

In a valued policy against fire, *"on a new barque now being built,"* it was the design of the parties to cover the vessel in the process of construction, and indemnity was agreed to be furnished for her loss by fire, whatever might be her progress towards completion, when the fire occurred.

The policy, in the absence of proof of usage, did not attach upon articles made for the vessel, delivered in the ship yard where she was constructing, in a condition, and intended to be fitted and attached to her, if she had been, or as soon as she might be ready to receive them.

APPEAL from *Baltimore* County Court.

This was an action of COVENANT, brought by the appellants against the appellees, on the 27th April, 1841.

The plaintiffs declared upon the policy mentioned in the bill of exceptions, and the defendant pleaded they had not broken their covenant, with leave to both parties to give any matter in evidence which might be given under any other plea. Errors of pleading were waived.

At the trial of the cause, the plaintiffs, in order to support the issue on their part, gave in evidence the policy of insurance declared on, of the *Franklin Fire Insurance Company of Philadelphia.*