# William Garitee *vs.* Durus Carter.

An appeal lies from the judgment of a court setting aside an award made by referees·to whom the case was referred under a rule of the court.

A more liberal and reasonable interpretation of awards is now adopted by the courts than formerly existed; every reasonable intendment will be made in their favor, and a construction given to them that will support them, if possible, without violating the rules adopted for the construction of written instruments.

A pending cause was referred, under rule of court, to referees, who returned an award that a certain sum was owing by the defendant to the plaintiff, and that judgment be rendered in his favor for that sum and costs, ''and the costs of this reference and award, which is the sum of $45, being the sum of $15 for each of said referees.'' Held:

That the latter part of this award, determining the costs of the reference, is not within the submission, and the award is, *pro tanto*, void, but this does not vitiate the other part, which is within the submission.

Where that part of the award, within the submission, is of entirely distinct matter, and not depending on that which is awarded without the terms of the submission, the award is good as to the former, and void as to the latter.

Appeal from the Superior Court of Baltimore City.

Action brought on the 10th of September 1857, by the appellant against the appellee, to recover damages for delivering up to one Kingsmore certain title papers, in violation of a contract by which the defendant had agreed to hold said papers, as security for the payment, to the plaintiff, of the sum of $500, as commissions for services rendered by the plaintiff to said Kingsmore. The damages claimed were $1000, and pleas were filed putting in issue the matters alleged in the declaration.

It was agreed, that the cause should be referred to L. H. Reynolds, Wm. Scharf and L. M. Bennett, and the court in pursuance of this agreement, ordered ''that the whole matter in variance, in the said premises, between the said parties, be referred to the said'' referees, ''and that the said arbitrators, when the whole matter concerning the premises shall have been fairly adjusted, have their award, in writing, under their hands and seals, before the court here,'' &c. It was further agreed, that the award should be binding, if made by any two of the referees. An award was then made, and filed in

Garitee vs. Carter.

court, by two of the referees, in which they: "Award, order, determine and adjudge, that there is due and owing by the defendant, Durus Carter, to the plaintiff, William Garitee, the sum of $500, and that judgment be rendered by this court, in favor of said Garitee, plaintiff, for the sum of $500, and costs to be taxed by the clerk of this court, as well as for the costs of this reference and award, which is the sum of $45, being the sum of $15 for each of said referees." To this award exceptions were filed by the defendant:

1st. Because the arbitrators did not decide therein all or any part of the matters submitted to them, and decided on matters not within the submission.

2nd. Because said award is not certain to a common intent and final.

The court (LEE, J.) sustained these exceptions, and set aside the award, and from this judgment the plaintiff appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and BARTOL, J.

*Orville Horwitz*, for the appellant:

It is believed that all the questions arising in this case have been definitely settled by this court. In *Roloson vs. Carson,* 8 *Md. Rep.,* 220, it is said, that "by a long course of decision, courts have manifested a strong inclination to sustain the judgments pronounced by arbitrators;" and in *Ebert vs. Ebert,* 5 *Md. Rep.,* 359, that "every reasonable intendment will be made in favor of awards, and a construction given to them that will support them if possible."

It is said, on the part of the appellee, that this award has gone beyond the submission. This exception can only apply to the expenses of the arbitration and cannot affect the residue of the award. 5 *Md. Rep.,* 359. 6 *H. & J.,* 14 *Cromwell vs. Owings.* There is nothing on the face of the award to sustain the objection that it is not certain and final.

The question upon the motion to dismiss the appeal upon the ground, that it is interlocutory, is believed to have been

finally settled in the case of *State, use of Hickley, vs. Stewart, et al.*, 12 *G. & J.*, 455.

S e   ard *A. Leakin*, for the appe⁷lee:

1st. The appeal should be d. missed, because the order setting aside the award is not a final judgment, but interlocutory merely, and, therefore, no appeal lies from it. 7 *Gill*, 366, *Welch vs. Davis.* 11 *G. & J.*, 405, *Keirle vs. Shriver.* 2 *Md. Rep.*, 274, *Mitchell vs. Smith.* 3 *Md. Rep.*, 334, *Bridendolph vs. Zellers.* Upon setting aside the award, it was in the power of the court to have reinstated the case, and directed it to be tried as other causes, until final judgment; but the court was prevented from so doing by this appeal. 1 *H. & J.*, 362, *Selby vs. Gibson.* 11 *G. & J.*, 310, *Dorsey vs. Dorsey.* The decision in *State, use of Hickley, vs. Stewart, et al.*, 12 *G. & J.*, 456, cited by the appellant, has, it is submitted, no application to the motion to dismiss this appeal.

3nd. If the appeal is allowed, it is then insisted: 1st, that the award must be set aside *pro tanto*, because the arbitrators decide therein matters not within the submiss n in awarding themselves $45 costs of reference. *Willes*, 62, *Candler vs. Fuller.* 1 *Ev. Larr.*, 20. 1 *Barn. & Cress.*, 277, *Frith vs. Robinson.* 2 *Chitty's Rep.*, 157, *Bell vs. Belson*, in 18 *Eng. C. L. Rep.*, 283. 4 *Excheq. Rep.*, 842, *In re. Coombs.* 8 *East.*, 13, *George vs. Lousley.* 2nd. That there is no error in the order setting the award aside. 6 *H. & J.*, 12, *Cromwell vs. Owings.* 8 *Md. Rep.*, 287, *Ing, et al., vs. State.* 10 *G. & J.*, 214, *Caton vs. McTavish.*

BARTOL, J., delivered the opinion of this court.

In the opinion of this court, the motion to dismiss this appeal ought not to prevail. The question has been settled by the case of *The State, use of Hickley, vs. Stewart & Gross*, 12 *G. & J.*, 456, where an appeal from the judgment of the county court setting aside an award, was sustained.

We think the court below erred in sustaining the objec-

tions to the award and setting it aside. It is shown by the return to the writ of diminution, that the reference in this case was made under a rule of court. The only exceptions to the award, presented for our consideration, are: 1st, because the arbitrators did not decide therein, on all, or any part, of the matters submitted to them, and decided on matters not within the submission. 2nd. Because said award is not certain to a common intent and final.

The rule by which this court is governed, in dealing with awards, has been often announced. It has been more than once said, with approbation: "That a more liberal and reasonable interpretation of awards is now adopted by the courts than formerly existed. Every reasonable intendment will be made in their favor, and a construction given to them that will support them if possible, without violating the rules adopted for the construction of written instruments." 10 *G. & J.*, 193. *5 Md. Rep.*, 359. *8 Md. Rep.*, 225.

Applying this rule to the present case, we are unable to perceive any ground for the second exception taken to this award. It has all the certainty which the law requires, and is a final determination of the cause referred to the arbitrators.

With reference to the first exception, we are clearly of opinion that so far as the award ascertains and decides that, "there is due and owing by the defendant, Durus Carter, to the plaintiff, William Garitee, the sum of five hundred dollars," and awards, "that judgment be rendered by the court in favor of said Garitee, plaintiff, for the sum of five hundred dollars and costs to be taxed by the clerk," it is a decision of the matters submitted to them, plainly within their authority.

We think, however, that part of the award which deter-termines that judgment be entered against the defendant for *"the costs of this reference and award, which is the sum of forty-five dollars*, being *the sum of fifteen dollars for each of said referees*," was not within the submission, and that the award was, *pro tanto*, void. *George vs. Lousley*, 8 *East.,*

14. *Bell vs. Belson*, 2 *Chitty's Rep.*, 157. See, also, the authorities cited in note *(a,)* in 18 *Eng. C. L. Rep.*, 283.

In the case of *Cromwell vs. Owings*, 6 *H. & J.*, 14, it was said: "But it is well settled that if an award be both of matter that is submitted, and of that which is not within the submission, it may be good as to all that is within the submission, and void as to the residue."

This rule applies where that part of the award which is within the submission, is of entirely distinct matter, not depending upon that which is awarded without the terms of the submission. That is the case here, the award was bad only in so far as it awarded to the arbitrators their expense, to be paid by the defendant; in other respects it was good. The judgment will be reversed, and a judgment entered in favor of the appellant, in conformity with the views expressed in this opinion.

*Judgment reversed and judgment for appellant.*