WILLIAM K. GROVE and GEORGE GROVE vs. HENRY SWARTZ.

*When an Appeal will not be Dismissed—Exceptions to an Award—Practice in the Court of Appeals—Void Award.*

An appeal will not be dismissed on the ground that one of the appellants, defendants below, died before the prayer for an appeal was filed, it not clearly appearing from the record that the appeal was taken or intended to be taken in the names of both defendants.

Exceptions to an award are analogous to a motion in arrest of judgment, and are not within the operation of the Act of 1825, ch: 117; they may be inquired into by the Court of Appeals though not raised and decided in the Court below.

Where the submission or reference requires that the award shall be returned under the hand and seal of the arbitrators, the omission of the seal is fatal, and renders the whole proceeding void.

APPEAL from the Circuit Court for Carroll County.

This suit was brought by Henry Swartz against William K. Grove and George Grove on their single bill. The case was referred under a rule of Court to Joseph M. Parke, who returned his award on the 11th of June, 1875, finding due to the plaintiff the sum of $263.62. The award was signed but not sealed. Exceptions to the award were filed by the defendants, which were overruled, and on the 22nd of December, 1875, judgment was entered for the plaintiff. On the first of March, 1876, an appeal was prayed.

The cause was submitted to BARTOL, C. J., BOWIE, STEWART, GRASON and ALVEY, J.

*James A. C. Bond* and *William H. Tuck*, for the appellants.

*Wm. A. McKellip* and *John E. Smith*, for the appellee.

BOWIE, J., delivered the opinion of the Court.

There is a motion to dismiss the appeal in this case, on the ground that one of the nominal appellants had died before the prayer for an appeal was filed in the Court below. The appellee has filed an affidavit, showing that George Grove, one of the defendants and nominal appellants, died on or about the 26th of January, 1876, four or five weeks before the appeal was taken, and no counter evidence is adduced by the appellant William K. Grove.

Assuming the facts to be true as stated, it does not clearly appear from the record, that the appeal was taken or intended to be taken in the names of both defendants. The entry on the record is as follows, viz., "1876 March 1st, prayer of defendants attorney, for an appeal to the Court of Appeals filed."

The word "defendants" in the above citation may be taken in the possessive case singular number and applies only to one, meaning the surviving defendant. Each defendant, if living, had the right of appeal, but one being dead, the term "defendants attorney" could only mean William K. Grove's attorney. The motion to dismiss must therefore be overruled. Several objections were raised to the award below which were overruled, the award affirmed and judgment rendered thereon in favor of the plaintiff, from which action of the Court the defendant appeals. In this Court an objection is taken which was not made below, viz., that the referee has not returned the award under his hand and seal. Ordinarily, this Court only reviews questions which it appears from the record were raised and decided below, but exceptions to an award, are analogous to a motion in arrest of judgment, and are

not within the operation of the Act of 1825, ch. 117. *Price & Martin vs. Thomas & George,* 4 *Md.,* 520. 521.

This objection was taken and held to be good in the case above cited. This Court referring to the award, said " We discover several defects apparent upon the face of the proceedings of the arbitrators in this case, any one of which is fatal to the award. The only one to which we need refer, is the omission of the arbitrators to return their award under seal. The submission or reference requires, that the award should be returned under hand and seal of the arbitrators, and the omission to do so is fatal, and renders the whole proceedings void." 4 *Md.,* 521.

In the present case, the rule of reference required the award to be returned under the hand and seal of the referee. It professes to be so, but there is no seal affixed.

The judgment below must be reversed and cause remanded for further proceedings.

*Judgment reversed, and*
*cause remanded.*

(Decided 21st June, 1876.)