THOMAS J. McDONALD *v.* REAL ESTATE BOARD OF BALTIMORE CITY ET AL.

EVA WINER ET AL., ADMINISTRATORS, *v.* REAL ESTATE BOARD OF BALTIMORE CITY ET AL.

[Nos. 20, 21, April Term, 1928.]

*Decided May 24th, 1928.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James B. Guyton,* submitting on brief, for Thomas J. McDonald, appellant.

*Julius H. Wyman* and *Jacob S. New,* submitting on brief, for Eva Winer et al., administrators, appellants.

*Harry E. Karr,* with whom was *Francis Key Murray* on the brief, for the appellees.

URNER, J., delivered the opinion of the Court.

Because of conflicting claims of two real estate brokers for commissions on account of the sale of certain real estate, a sum sufficient to pay the commissions, amounting to $1,237.50, was, with the consent of the vendor, retained out of the purchase price by the Title Guarantee and Trust Company, which had charge of the transaction, to abide the result of an arbitration of the dispute between the brokers before the Real Estate Board of Baltimore. In connection with the submission of the question to the board of arbitration, each of the brokers assigned to it his claim to the commissions in controversy. The decision of the board was rendered after a hearing, in which both claimants participated. In order to give effect to its award the board requested of the title company the delivery of the fund, mentioned in the assignments of the brokers, with a view to its payment by the board to the successful claimant. The title company declined to comply with the request, because it was holding the fund under an agreement on its part to pay the money to the Real Estate Board upon receipt of releases by the two brokers of their commission claims against the vendor, and because it objected to the payment on the ground that such releases were not produced. An equity suit was brought by the board against the title company to require the transfer of the fund, on the theory that it was held in trust for application in accordance with the board's decision. The title company answered the bill, and subsequently filed a petition for leave to bring this interpleader suit. In pursuance of an order granting such leave, the pending bill of

interpleader was filed by the title company for the purpose of having the proper disposition of the fund in question judicially determined. In the meantime the vendor had died, and the administrators of his estate were made parties to the proceeding. The Real Estate Board and the two brokers filed answers to the bill of interpleader, and the administrators of the estate of the deceased vendor demurred. The lower court overruled the demurrer, and the administrators then answered the bill. After hearing evidence as to the circumstances and result of the arbitration, the court decreed that the commission fund be paid by the title company to the Real Estate Board for payment to the broker in whose favor the board had made its award. From that decree the other broker and the administrators have appealed.

The demurrer questioned the right of the title company to resort to an interpleader suit for the purpose we have indicated. It is argued that the company held the fund in dispute as agent for the vendor of the property for the sale of which the commissions were claimed, and that, in default of releases from the competing brokers, which were specified as the condition upon which the fund should be payable to the Real Estate Board, the duty of the title company was to return it to the vendor or his personal representatives. This is said to have been a means of self-protection which was readily available to the title company, and which therefore rendered its interpleader suit unnecessary and unsustainable. The bill alleges that the retention of the commission fund by the title company, for subsequent payment to the Real Estate Board under the conditions stated, was with the knowledge and consent of the vendor, the board, and both of the brokers who were claiming the money thus retained. The agreement of the vendor to such a deposit involved a concession that one or the other of the two brokers was entitled to the compensation which the money left in the custody of the title company was intended to provide. It is averred in the bill that both of the brokers assigned to the Real Estate Board their claims to the fund held by the title com-

pany, and that the board asserted the right to receive it by virtue of the assignments, but that its claim is disputed by the personal representatives of the deceased vendor and by the broker who was disappointed by the result of the arbitration. In view of these opposing contentions, and of the circumstances under which the fund was left in its custody, the title company was entitled to a judicial solution of the problem with which it was confronted. It could not safely determine for itself the question whether the claim of the Real Estate Board as the assignee of both brokers should be denied because formal releases from both to the vendor or his personal representatives were not presented, when it was certain that the two assignments completely transferred the recognized right which the fund was designed to satisfy. The antecedent proceedings in the case show that the whole purpose of the retention by the title company of the commission money was to have it applied in accordance with the award of the board of arbitration to which the question between the brokers was to be submitted. It was the right of the title company as custodian of the fund to obtain a judicial decision upon the question as to whether the deposit was impressed with a trust in favor of the claimant succeeding in the contemplated arbitration, or was an ordinary bailment subject to the continuing control of the depositor or the administrators of his estate. An interpleader suit is the appropriate proceeding for the determination of such questions as those here presented, and the pending bill was rightfully filed for that purpose by the title company as a mere stakeholder of the fund now in litigation. *Wilmer v. Phila. & Reading C. & I. Co.,* 124 Md. 606; *Nat. Park Bank v. Lanahan,* 60 Md. 477; *Miller's Equity Procedure,* sec. 722. In regard to the right to maintain a bill of interpleader it is said in the first of the cases cited that it is not necessary "for the plaintiff to decide, at his peril, either close questions of fact or nice questions of law," but it is sufficient if there is a reasonable doubt as to which one of the claimants is entitled to the fund or debt. The demurrer to the bill in this case was properly overruled.

The testimony, at the hearing in the court below, proved that the two brokers claiming the commissions, intended to be paid with the fund retained by the title company, submitted the dispute between them to the Real Estate Board for arbitration, and that the board, through its committee on ethics and arbitration, made an award after receiving the statements of the claimants and other witnesses. The broker appealing from the decree in this proceeding complains that he was not permitted to question the other broker at the hearing before the arbitrators, and that he was thus restricted in his effort to contest the opposing claim. But he appears from the evidence to have had sufficient opportunity to support his own claim and controvert that of his opponent. It was testified that the only restriction upon his cross-examination of the other party was a customary requirement of the arbitration committee that the parties should question each other through the chairman. The purpose of this ruling, according to the testimony of the chairman, is "to prevent haggling across the table" by the contesting parties. The record does not warrant a conclusion that the arbitration was unfairly conducted. It was a method which the parties adopted for the settlement of their dispute and which they pursued to a final and unanimous decision, rendered in the evident exercise of the arbitrators' honest judgment. There is no adequate ground upon which their award may be disregarded. In *Roberts Bros. v. Consumers Can Co.*, 102 Md. 368, and *Dominion Marble Co. v. Morrow*, 130 Md. 260, this court said: "It has been settled by a long line of decisions that, as arbitrations are intended to compose disputes in a simple and inexpensive manner, whenever the parties to one have had a full and fair hearing, the award of the arbitrators will be expounded favorably and every reasonable intendment made in its support. *Lewis v. Burgess,* 5 Gill, 129; *Caton v. MacTavish,* 10 G. & J. 192; *Ebert v. Ebert,* 5 Md. 353; *Garitee v. Carter,* 16 Md. 312; *Bullock v. Bergman,* 46 Md. 278; *Witz v. Tregallas,* 82 Md. 369. In such cases it is conceded that the court will not look into the merits of the matter and review the findings of law or fact

made by the arbitrators nor substitute its opinion or judgment for theirs, but will require the parties to submit to the judgment of the tribunal of their own selection and abide by the award."

It was argued that the Real Estate Board was disqualified to arbitrate, through its committee, the dispute between the brokers, because it had become interested in the commission fund by virtue of the assignments which both had executed. There is no force in this contention, as the sole purpose of the assignments was to enable the board to apply the fund in pursuance of the award of its arbitration committee.

It is further contended that the by-laws of the Real Estate Board limit its arbitration service to cases in which the amount in dispute is not more than one thousand dollars. The by-law referred to provides, under the head of "Committee on Ethics and Arbitration"; "It shall be the duty of this committee to receive all complaints filed in writing as between members or by non-members against a member. They shall thoroughly investigate such complaints giving both the complainant and the defendant an opportunity to be heard upon at least five days' written notice, stating the time and place of such hearing. The committee may dismiss any case and refer the parties to their remedies at law. No member shall institute a suit at law against another member without first having filed a complaint with the committee for its action, and then only if the committee refuses to take any action in the matter; this provision, however, only to apply where the amount in dispute does not exceed one thousand dollars ($1,000.00)." It is clear, we think, that the provision made applicable only when the amount in controversy does not exceed one thousand dollars is that which prohibits a suit at law before the question has been submitted to the committee for its action. There is no limitation in the by-laws upon the authority of the board or its committee to act for the purposes of the arbitration with which this case is concerned.

Objection is made to the provision in the decree below that all of the costs of the proceeding be paid by the broker

to whom the decision was adverse. As he was not made a party to the proceedings until the filing of the interpleader bill, he could justly complain of being charged with the costs of the case theretofore incurred. It may not have been the intention of the lower court to impose upon him the costs of the antecedent proceedings, but the terms of the decree may be construed as having that effect. In affirming the decree we will modify its provision as to the costs.

> *Decree affirmed, the costs in this court, and of the interpleader proceedings in the court below, to be paid by the appellants, the costs of the prior proceedings to be paid by such of the parties thereto as the court below may designate.*