CHILLUM-ADELPHI VOLUNTEER FIRE DE-
PARTMENT, INC. *v.* BUTTON &
GOODE, INC.

[No. 325, September Term, 1965.]

510

*Decided May 25, 1966.*

The cause was argued before PRESCOTT, C. J., and MAR-BURY, BARNES and McWILLIAMS, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Edward A. Waldmann* for appellant.

*Robert A. Gingell* and *Lawrence E. Speelman,* with whom were *Ritterpusch & Gingell* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

This suit was brought by Button & Goode, Inc. (appellee) to enforce an arbitration award entered after Button & Goode and Chillum-Adelphi Volunteer Fire Dept. Co. (appellant) had submitted to arbitration proceedings in regard to a dispute which arose concerning whether Chillum-Adelphi could keep certain sums due Button & Goode under a contract for the erection of a fire house. This money was retained by Chillum-Adelphi as liquidated damages occasioned because of Button & Goode's delay in completing construction of the building. Button & Goode was granted summary judgment in its suit to enforce the arbitration award. This appeal followed.

On April 30, 1962 Button & Goode (contractor) and Chillum-Adelphi (owner) entered into a construction contract whereby Button & Goode agreed to erect two buildings for Chillum-Adelphi. Plans and specifications had been drafted by the owner's architect, Philip W. Mason. The arbitration proceedings and this suit are concerned only with one of the two buildings, the other having been fully completed as required by the contract.

Article 2 of the construction agreement provided that work to be performed under the contract was to commence upon written notice; and the building was to be substantially completed 180 calendar days from the date of such notice. Article 45 of the American Institute of Architects' General Conditions of Contracts, made part of the construction agreement in this case by Article 1 of that agreement,[1] provided that the time in which the contractor agreed to complete the work was of the essence of the contract, and failure to complete the work within the time specified would entitle the owner to deduct as liquidated damages out of any money which may be due the contractor under the contract, the sum of $50.00 for each calendar day in excess of the 180 days until the building should be substantially completed.

---

1. All the articles of the American Institute of Architects' General Conditions of Contracts were made a part of the construction agreement between the parties in this case by virtue of Article 1 of that agreement.

The owner's architect specified that one of the buildings was to be constructed of pre-cast concrete framing. Button & Goode could not commence work until that material was delivered to the building site, and the long and protracted delay of Nitterhouse Concrete Products, Inc. (Nitterhouse) in delivering the concrete frames caused a delay in completing the building beyond the 180 days agreed upon as the time within which construction was to be substantially completed. Chillum-Adelphi retained $21,426.48 of the contract price as damages occasioned because of Button & Goode's delay in substantially completing the building.

Article 40 of the General Conditions of Contracts provided that the owner and contractor would submit all disputes, claims or questions arising under the contract to arbitration under the procedure then obtaining in the Standard Form of Arbitration Procedure of the American Institute of Architects (AIA). Button & Goode filed a demand for arbitration with the American Arbitration Association (AAA). Chillum-Adelphi objected to the arbitration procedure provided by the AAA; however, the parties agreed to submit their dispute to arbitration by the AAA provided that the procedure complied with that of the AIA whereby the parties would be given the opportunity to examine and cross-examine all witnesses and introduce exhibits at any time during the hearing.

It was agreed between Button & Goode and Chillum-Adelphi that the issues to be decided by the board of arbitrators would be: (1) What damages, if any, should be assessed against the contractor in this case, and (2) Was the building completed at the time of arbitration.

A hearing was held by the board of arbitrators on August 26, 1964. The arbitrators found that the owner's architect had specified that pre-cast concrete materials of Nitterhouse's manufacture be used in construction of the building, that the contractor had made repeated attempts to have some other company substituted for Nitterhouse to supply the pre-cast concrete frames, but the architect refused to authorize a change because he expected delivery from Nitterhouse sooner than from another company since the order had been pending there for such a long time. Furthermore, a change of suppliers would have necessitated a change in the plans of the building.

Article 18 of the General Conditions provided that the owner's architect should extend the time for the completion of the building if the contractor be delayed in the progress of the work "for any cause beyond the contractor's control". The arbitrators found that Chillum-Adelphi was bound by the decision of its agent, its architect Mr. Mason, to use a product in the construction of the building which proved to be unavailable. The contractor was therefore not responsible for any delay in construction until January 11, 1963, the date Nitterhouse delivered the concrete frames. Under the circumstances, the delay was "beyond the contractor's control" and the architect should have extended the time for completion of the job.

After the pre-cast framing was delivered, Button & Goode proceeded promptly to resume work on the job. The building was substantially completed on August 10, 1963, 211 days after the framing was received from Nitterhouse.

The arbitrators found that Button & Goode was entitled to 180 days from January 11, 1963 for the completion of the job. Since the contractor required 211 days to substantially complete the building from the date the pre-cast frames were delivered, Chillum-Adelphi was entitled to $1,550.00 as liquidated damages, or $50.00 per day for 31 days. Chillum-Adelphi had retained $21,426.48 from the amount due the contractor under the construction agreement. The board of arbitrators therefore awarded Button & Goode $19,876.48 and divided the costs equally between the parties.

Button & Goode filed a petition for judgment on the arbitration award pursuant to Maryland Rule E6. Thereafter, a motion for summary judgment was filed. The trial court entered summary judgment on the arbitration award for $20,591.00.[2] Chillum-Adelphi opposed summary judgment in the trial court

2. This amount is apparently calculated by adding together the $19,876.48 awarded by the arbitrators, $163.42 representing one-half the costs, making a total of $20,039.90 to which was added the approximate amount of interest on that total from January 14, 1965, the date of the award to the date of the judgment, rounded off to $20,591.00. In any event there has been no challenge by the appellant to the calculation, as such, but only to the award itself. There is no cross-appeal and no challenge to the calculation by the appellee.

and here on appeal on the theory that the arbitrators went beyond the issues submitted to them for determination, no evidence existed to support the arbitrators' findings, and a genuine dispute exists between the parties as to a material fact in that it is alleged that the arbitration hearing was not conducted in accordance with Maryland Rules E2 to E4.

Button & Goode has moved under Maryland Rule 835 b to dismiss this appeal. It is the appellee's contention that the lower court was exercising appellate jurisdiction in reviewing the award before entering judgment upon it. No Maryland statute applicable to the parties in this case authorizes an appeal from the judgment of a *nisi prius* court enforcing an award granted under a private arbitration agreement.[3] If a court enforcing such an award were to act as an appellate tribunal, no appeal could be taken to this Court from a decision rendered by that forum. Code (1957) Art. 5, §1; *Board of Medical Examiners v. Steward,* 203 Md. 574, 102 A. 2d 248 (1954); *Johnson v. Board of Zoning Appeals,* 196 Md. 400, 76 A. 2d 736 (1950).

In the early case of *State, use of Hickley v. Stewart,* 12 G. & J. 456 (1842) our predecessors held that an apppeal will lie from the judgment of a *nisi prius* court setting aside an arbitration award. See also *Grove v. Swartz,* 45 Md. 227 (1870). Although the jurisdictional issue had not been raised, appeals to this Court from the enforcement or vacation of arbitration awards have been taken and heard many times in the past. *Baltimore v. Allied Contractors, Inc.,* 236 Md. 534, 204 A. 2d 546 (1964); *O'Ferrall v. DeLuxe Sign Co.,* 158 Md. 544, 149 Atl. 290 (1930); *McDonald v. Real Estate Board of Baltimore City,* 155 Md. 377, 142 Atl. 261 (1928); *Dominion Marble Co. v. Morrow,* 130 Md. 255, 100 Atl. 292 (1917); *Roberts Brothers v. Consumers Can Co.,* 102 Md. 362, 62 Atl. 585 (1905).

The General Assembly has enacted the Uniform Arbitration Act which, among other things, defines the jurisdiction of the courts in enforcing, vacating and correcting arbitration awards.

---

**3.** Section 18 of the Uniform Arbitration Act, Code (1965 Cum. Supp.) Art. 7, §§1-23, authorizes an appeal to this Court from the decision of a *nisi prius* tribunal enforcing an arbitration award. That Act, however, is not applicable to the parties in this case. See text of the opinion, *infra.*

Acts of 1965, ch. 231. Code (1965 Cum. Supp.) Art. 7, §§1-23. However, according to the provisions of the Act it is not to apply retroactively to arbitration agreements made prior to June 1, 1965. The Act, therefore, is not applicable to this case where the arbitration agreement was made prior to that date and we will decide this appeal under the prior rules governing the enforcement of private arbitration awards.

At common law, an arbitration award became a cause of action in favor of the prevailing party. The award could be sued on as a contract, and the function of a court in entering judgment upon it was to determine whether the award, which was not self-enforcing, was entitled to be enforced as a judgment of court. 5 Am. Jur. 2d *Arbitration & Award* §184, page 655; 1 Poe, *Pleading & Practice* (Tiffany's ed.) §657, page 684; 6 *Williston on Contracts* §1927, page 5389 (1938).

An arbitration award is the decision of an extrajudicial tribunal "which the parties themselves have created, and by whose judgment they have mutually agreed to abide." *Continental Milling Co. v. Doughnut Corp. of America,* 186 Md. 669, 674, 48 A. 2d 447 (1946). When suit is brought to enforce the award, a court will not review the findings of law and fact of the arbitrators, but only whether the proceedings were free from fraud, the decision was within the limits of the issues submitted to arbitration, and the arbitration proceedings provided adequate procedural safeguards to assure to all the parties a full and fair hearing on the merits of the controversy. Maryland Rule E4 f. *Nelley v. Baltimore City,* 224 Md. 1, 166 A. 2d 234 (1960); *Schreiber v. Pacific Coast Fire Insurance Co.,* 195 Md. 639, 75 A. 2d 108 (1950); *Waller v. Waller,* 187 Md. 185, 49 A. 2d 449 (1946); *Pumphrey v. Pumphrey,* 172 Md. 323, 191 Atl. 235 (1937); *O'Ferrall v. DeLuxe Sign Co., supra; Dominion Marble Co. v. Morrow, supra.*

In *Baltimore v. Allied Contractors, Inc., supra,* Judge Hammond, for the Court, said:

> "Mistakes by an arbitrator in drawing incorrect inferences or forming erroneous judgments or conclusions from the facts will not vitiate his award. (citations omitted)
>
> "As in the case of an enrolled judgment, the deci-

sive primary question is not whether the judgment was right or wrong but whether impropriety, to a significant extent, brought about its obtention." (Pages 546-547 of 236 Md.).

Although a court may modify an arbitration award for a mistake of form such as an evident miscalculation of figures (Maryland Rule E4 g), an arbitrator's honest decision will not be vacated or modified for a mistake going to the merits of the controversy and resulting in an erroneous arbitration award, unless the mistake is so gross as to evidence misconduct or fraud on his part. *Roberts v. Consumers Can Co., supra* and cases therein cited.

In short, where parties have voluntarily and unconditionally agreed to submit issues to arbitration and to be bound by the arbitration award, a court will enter a money judgment on that award and enforce their contract to be so bound unless, notwithstanding that the arbitrator's decision may have been erroneous, the facts show that he acted fraudulently, or beyond the scope of the issues submitted to him for decision, or that the proceedings lacked procedural fairness. A court does not act in an appellate capacity in reviewing the arbitration award, but enters judgment on what may be considered a contract of the parties, after it has made an independent determination that the contract should be enforced.

The trial court treated Button & Goode's petition to enforce the arbitration award as an action for debt which, indeed, essentially it was. Maryland Rule E6 d provides that an order entered confirming, modifying, or vacating an arbitration award is to be "enforced as any other judgment." In enforcing the arbitration award the trial court was not exercising appellate jurisdiction, or even special statutory jurisdiction which would preclude an appeal to this Court unless specifically authorized by statute. See *Board of Medical Examiners v. Steward* and *Johnson v. Board of Zoning Appeals,* both *supra.* The trial court was exercising common law jurisdiction and an appeal to this Court from its decision enforcing the arbitration award was proper pursuant to the general provisions of Code (1957) Art. 5, §1.

We hold on this appeal that the trial court properly granted

Button & Goode's motion for summary judgment on the arbitration award.

There is no merit in Chillum-Adelphi's contention that the arbitrators went beyond the issues submitted to them for determination. Chillum-Adelphi and Button & Goode had agreed that one of the issues to be submitted to arbitration was what damages, if any, should be assessed against the contractor in this case. The architect had refused to extend the time for completing the construction since he did not feel that the delay was occasioned by circumstances beyond the contractor's control. Since the gravamen of the arbitration proceedings was the fact that because of a delay in completing the contract, Chillum-Adelphi had withheld monies otherwise due the contractor, the arbitrators were clearly authorized to determine whether the architect was correct in his determination that the time for completing the contract should not have been extended. It was essential to review the architect's decision before a determination could be made as to what damages, if any, would be assessed against the contractor.

Chillum-Adelphi's second contention is likewise without merit. The fact that arbitrators may fail to follow strict legal rules of procedure and evidence is not a ground for vacating their award. *Continental Milling Co. v. Doughnut Corp. of America, supra.* The procedure followed at the arbitration hearing was fair and in full compliance with the AIA procedural rules which the parties agreed would govern the determination of their dispute. The record in the arbitration proceedings remained open for a full six months before the final award was entered. Additional evidence could have been presented to the arbitration board at any time during that six month period, and upon good cause shown the hearing could have been reopened.

Finally, we must discount Chillum-Adelphi's bald assertion that the determination of the arbitration board was unsupported by the evidence. There is no showing of lack of good faith or fraud on the part of the arbitration board, and we will not review the award on the merits.

The underlying facts in this case are undisputed. Since the only inferences reasonably to be drawn from those facts were that the arbitration proceedings were fair and that the board

did not exceed its powers, no issue of fact existed to be tried in the court below. Button & Goode was entitled to judgment on the arbitration award as a matter of law. Summary judgment was properly entered pursuant to Maryland Rule 610 d. *Sumner v. Travelers Indemnity,* 235 Md. 480, 483, 201 A. 2d 775 (1964); *Roland v. Lloyd E. Mitchell, Inc.,* 221 Md. 11, 13-14, 155 A. 2d 691 (1959) and cases therein cited; *White v. Friel,* 210 Md. 274, 285, 123 A. 2d 303 (1956).

*Baltimore v. Allied Contractors, Inc., supra,* is distinguishable from the case now before this Court. In *Allied Contractors* summary judgment enforcing an arbitration award was not proper since in that case there were "conflicting factual contentions to be resolved, or, at the least, differing significant inferences that could have been drawn from what the various witnesses testified had been said and done." (See page 544 of 236 Md.) As we have indicated this is not the situation in the case at bar.

*Motion to dismiss the appeal denied, judgment affirmed, the appellant to pay the costs.*