## LOGAN v. HODGES' ADM'R.

1. Where the defendant offers himself as a witness to support the plea of usury under the act of 1819, and the plaintiff states on oath that the note declared on, is not tainted with usury, sets out what was its true consideration, and thus negatives what the defendant had deposed, the testimony of both should be rejected *in toto ;* consequently it is error to instruct the jury, that so far as the defendant was uncontradicted his evidence was properly before them, and that they should consider that part of his evidence that was contradicted, if corroborated by other proof.

2. A party to a suit may be the bearer of a deposition taken at his own instance, from the commissioner to the clerk of the Court where the cause is pending, and make the usual declaration that he delivered it in the same condition in which he had received it.

Writ of error to the County Court of Sumter.

THIS was a suit commenced originally before a justice of the peace against the intestate of the defendant in error; after judgment in favor of the plaintiff, the case was removed by *certiorari* to the County Court. The plaintiff then filed his statement upon a promissory note for the payment to him of forty-five dollars by the defendant; and the cause was tried on the plea of non assumpsit, payment, usury and want of consideration.

On the trial the plaintiff excepted to the ruling of the Court. It appears that the intestate proposed to prove by his own testimony, that the note in question was founded on a usurious consideration; whereupon the plaintiff offered to deny upon oath, the truth of what it was stated the intestate would testify. The Court, however, permitted the intestate to give testimony in the hearing of the jury, to circumstances showing that the note formed part of a usurious contract between him and the plaintiff, and was itself wholly tainted with usury.

The plaintiff denied upon oath that any part of the note sued on was usurious, and stated he had paid a debt for the defendant to a third person in order to disincumber the title to a tract of land, which he had sold to the plaintiff, and that the note was given in consideration thereof. Thereupon the plaintiff moved the Court to reject the testimony of the intes-

tate, but his motion was rejected, and the Court determined that the testimony was admissible as far as it was not contradicted.

The Court instructed the jury that the evidence of Hodges, so far as it was uncontradicted, was properly before them, but did not particularize what portion of the evidence they should disregard.

The Court permitted the intestate to read to the jury a deposition material to his defence, which he himself brought into Court, upon an affidavit being made by him, that he had received it of the commissioner and delivered it to the clerk in the same good order in which he received it: and this was permitted in despite of an objection by the plaintiff.

To an inquiry by the jury, the Court answered, that they were to take all the intestate's testimony, which was material, and which had not been ruled out by the Court, and which was uncontradicted by the plaintiff; also the part that was contradicted, if corroborated by other evidence. These several decisions are all reserved by the bill of exceptions. The jury returned a verdict for the intestate, and thereupon judgment was rendered.

S. B. BOYD, for the plaintiff in error. The denial by the plaintiff of what the defendant testified, or proposed to state, should have induced the exclusion of the latter as a witness. [Clay's Digest 590, § 5.] The defendant could only have given evidence to the fact of the usury, if not disputed, but here he was allowed to become a witness generally in his own favor; and this although the plaintiff, denied under oath, that there was any usury in the transaction which induced the making of the note in suit. [Richards et al. v. Griffin, 5 Ala. Rep. 195.]

The County Court also erred in admitting the deposition in evidence under the circumstances in which it was received from the commissioners, and deposited with the clerk of the Court.

HAIR & HOIT, for the defendant in error.

COLLIER, C. J.—The fifth section of the act of 1819, " to regulate the rate of interest," enacts, that " when any suit or action may be brought in any Court of record in this State,

touching or concerning any usurious bond, specialty, promise or agreement, the borrower or party to such usurious bond, specialty, contract, promise or agreement, from whom such higher rate of interest is or shall be taken, shall be a good and sufficient witness to give evidence of such offence : *Provided*, that any person against whom such evidence is offered to be given, will deny upon oath to be administered in open Court, the truth of what such witness offers to swear against him, then such evidence shall not be admitted, &c." [Clay's Dig. 590.] Without stopping to inquire whether the facts testified by the defendant should not have been first stated and submitted to the plaintiff, that he might determine whether he could deny them in the manner prescribed by the statute, we are satisfied that the recital of his testimony set out in the bill of exceptions, is a full denial of the defendants statement. He declares not only that the note was not tainted with usury, but he sets out what he affirms to be its consideration, and thus completely negatives what the defendant had deposed.

In this posture of the case, the Court should have rejected *in toto* what the defendant testified. But instead of thus ruling, it was adjudged that so far as he was uncontradicted his testimony was properly before the jury; and even further, that they should take the part of his evidence that was contradicted, if corroborated by other proof.

It was no objection to the admission of the deposition that the defendant was the bearer of it from the commissioner to the clerk of the Court, and himself deposed, that he had delivered it in the same condition in which he received it. Such a course of procedure is not inhibited by the rule which declares, that one shall not be a witness in his own cause ; for his statement was of a fact merely preliminary to the admission of the evidence, and intended to prevent spurious testimony from being imposed upon the Courts. If the plaintiff had reason for believing the deposition had been interpolated or otherwise altered, he might, upon application to the County Court, have obtained a continuance in order to take it *de novo*, or to procure the necessary proof to have it suppressed. But the practice which permits parties to bring their own depositions into Court, is too strongly commended by conve-

nience, and too long sanctioned, both by judicial acquiescence and even express decision, to be now departed from.

Without adding any thing more, it has been already shown that the County Court erred in the admission of the defendant's testimony, and in the instructions to the jury. The judgment is consequently reversed and the cause remanded.