ELIZABETH LEWIS *vs.* THOMAS A. BURGESS.—*December*, 1847.

Awards being intended to compose disputes, are entitled to the most favorable regard; and should receive such construction, if possible, as will give them force and effect; the same may be said of arbitration bonds.

The condition of a bond was to keep the award of, &c , chosen to determine of and concerning the rent, that ought to be paid by *B.* to *L.* for her dower, in her deceased husband's estate, now owned and possessed by the said *B.* The arbitrators awarded that *B.* should pay to *L.* annually, the sum of, &c. for her dower. There is nothing in the language of either the bond or award, to restrict the application of either to the time past, or to the future.

The legal effect of such a contract will be to place each of the parties in the condition in which they would have been, had a lease been executed at the annual rent named in the reference, of all the dower interest of *L.*, commencing when *B.* first had possession of the land encumbered with dower.

APPEAL from *Charles* County Court.

This was an action of debt brought on the 19th July, 1842, by the appellant against the appellee.

The action was founded on the following bond:

Know all men by these presents, that I, *Thomas A. Burgess,* am held and firmly bound unto *Elizabeth Lewis,* in the sum of $1000, to be paid to the said *Elizabeth Lewis* or her certain attorney, &c., to which payment well and truly to be made, I bind myself, my, &c., firmly by these presents, sealed with my seal and dated this 6th August, 1833. The condition of the above obligation is such, that the above bound *Thomas A. Burgess,* his, &c., do, and shall well and truly stand to, obey, observe and keep the award and decision of *Alexander Gray* and *Noble Barnes,* arbitrators indifferently named and chosen, as well for and on the part of the above bound *Thomas A. Burgess,* as of the above named *Elizabeth Lewis,* to determine of and concerning the rent that ought to be paid by the said *Thomas A. Burgess* to the said *Elizabeth Lewis,* for her dower or one-third part of her deceased husband's estate, now owned and possessed by the said *Thomas A. Burgess,* provided the said award be made in writing, and ready to be delivered to the said parties on or before the first day of September next ensuing, then, &c.

17     v.5

After *oyer* prayed and granted, the defendant pleaded general performance.

The plaintiff replied that the said *Noble Barnes* and *Alexander Gray*, the arbitrators named in the condition of the said writing obligatory, having taken upon themselves the burden of said award, and having carefully examined all matters and things relating thereto, by their award in writing, did award as follows, to wit: " That the said *Thomas A. Burgess* shall pay to the said *Elizabeth Lewis*, annually, the sum of $53 33, for her dower, or one-third part of the rent of said land." And the said plaintiff avers that the said award was made in writing, and ready to be delivered to the said *Elizabeth Lewis* and *Thomas A. Burgess*, on the 17th August, 1833, and that said award was delivered to the said parties therein interested on the day and year last aforesaid. And the said plaintiff further avers that said defendant entered upon said land, and used and occupied the same for a long space of time, to wit: the space of five years next before the issuing of the writ original in this cause; and that the said defendant for the space of five years as aforesaid, has held and used and occupied the dower interest and right of her, the said plaintiff, of, in and to said land. And the said plaintiff avers that she has performed and kept all the conditions required of her by said award. Nevertheless, the said defendant, &c.

The defendant demurred generally to the replication of the plaintiff, and the county court sustained the demurrer and rendered judgment for the defendant. The plaintiff appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS and MARTIN, J.

By C. McLEAN for the appellant, and

BY J. M. S. CAUSIN for the appellee.

CHAMBERS, J., delivered the opinion of this court.

The true interpretation of the arbitration bond, and the conformity of the award thereto, are the only questions made before us in this case.

Awards being intended to compose disputes, are entitled to most favorable regard, and should receive such construction, if possible, as will give them force and effect, and the same may be said of arbitration bonds.

The facts apparent on the face of the bond, are that the appellee had purchased and held possession of land which once had been owned by the husband of the appellant, and that she being entitled to dower in the land, was willing to receive rent in lieu of a specific assignment, and the appellant preferring such an arrangement, the arbitrators were to determine the amount of rent. The authority given by the bond is "to determine of and concerning the rent that ought to be paid by the said *Thomas A. Burgess* to the said *Elizabeth Lewis*, for her dower or one-third part of her deceased husband's estate, now owned and possessed by the said *T. A. Burgess*."

We see nothing in this language to restrict its application to the time past, or to the future. She was to have rent for her dower in land which the appellee had held, and which there is nothing to show he was to be dispossessed of.

The award is certainly deficient in respect to form. It expressly decides however, the material point—the annual value to be paid by the appellee to the appellant "for her dower or one-third part of the rent of said land," obviously intending to comply literally with their authority, but transposing the words used in the bond.

The mischiefs suggested in the argument cannot ensue from this construction of the bond and award.

The legal effect will be to place each of the parties in the condition in which they would have been, had a lease been executed at the annual rent named by the referees, of all the dower interest of the appellant, commencing at the period when the appellee first had the possession of the land encumbered with the dower right of the appellant.

With these views we must reverse the judgment of the county court.

**JUDGMENT REVERSED, AND PROCEDENDO.**