# Nathaniel Williams, et al., Exc'rs of Hannah K. Chase, *vs.* Daniel B. Banks.

Where depositions *de bene esse* are taken under the act of 1828, ch. 165, a strict compliance with the requirements of the statute and the order of the court must appear in the commissioner's return, and a departure from

the order of the court as to *the time* of taking the deposition will, under ordinary circumstances, vitiate the proceeding and render the deposition inadmissible as evidence in the cause.

But the presence of the adverse party, by his counsel and his cross-examination of the witness, is equivalent to an agreement to waive any irregularity as to the time and place when or where the deposition is taken, and he cannot afterwards object to the deposition for any such irregularity.

APPEAL from Baltimore county court.

*Assumpsit* against the appellants by the appellee, as holder of a promissory note drawn by the appellants' intestate.

*Exception.* The only exception in the case was taken by the defendants to the refusal of the court, (FRICK C. J., and LE GRAND A. J.,) to admit the deposition of William Chase Barney, taken under the circumstances stated in the opinion of this court.

The cause was argued before ECCLESTON, TUCK and MASON, J.

*Robert J. Brent* and *Henry May* for the appellants.

The deposition showed the court that the counsel of the appellee appeared before the commissioner at the time of the execution of the deposition, which had by consent been postponed, and *cross-examined* the witness. Upon this fact being thus made known to the court, the deposition ought to have been admitted to the jury. The presence of the appellee by his counsel and examining the witness, was a waiver of all previous irregularities. 1 *Pet.*, 307, *Mechanics Bank of Alexandria vs. Seton,* The taking of such depositions is only to be strictly construed, when taken *in the absence* of the opposing party or his counsel. 1 *Pet.*, 351, *Bell vs. Morrison.* The only object of fixing a day is to give the parties notice, and if it appears that they did in fact attend, and examine and cross-examine the witness, it would be the sheerest trifling to allow them afterwards to object. In the case of *Harris vs. Wall,* 7 *How.,* 705, it appears that the counsel,

though present, distinctly "*declined* to take any part in the proceedings," and it is clear from the reasoning of the court that if he had taken "any part it would have been a . waiver of the irregularity, as the same court had decided in 1 *Pet.*, 307. The cases cited by the appellee are all where the proceedings were *ex-parte*, and taken in the absence of the other side, or as in 7 *How.*, 705, where, though present, he refused to take any part in it. On the other hand there are an infinite number of cases to show that the presence of counsel, and his cross-examining the witness, amounts to a waiver of any irregularity as to the time or place when or where the deposition is executed. See 7 *Cowen*, 59, *Jackson vs. Kent.* Do , 69, *Wait vs. Whitney.* 2 *Bibb.*, 316, *Talbott vs. Bradford.* 4 *Do.*, 480, *Rogers vs. Barnett. Minor's Rep.*, 407, *Rogers vs. Wilson.* 19 *Wend.*, 437, *Kimball vs. Davis.* 2 *Dallas*, 157, *Stewart vs. Ross.* 2 *Penn. Rep.*, 200, *Patterson vs. Patterson.* 4 *Greenleaf*, 387, *King vs. Upton.*

*Charles H. Pitts* and *John Nelson* for the appellee, relied upon the cases of *Collins and wife, vs. Elliott*, 1 *H. & J.*, 2, and *Harris vs. Wall*, 7 *How.*, 705, as illustrating the rule of strictness applicable to questions of this kind.

MASON, J., delivered the opinion of this court.

As there is no question made upon the pleadings in this case, we deem it unnecessary to refer to them.

On the 8th of December 1848, the county court, upon application of the defendants, ordered the testimony of William Chase Barney to be taken under the act of 1828, ch. 165, before one of the commissioners of that court, on the 12*th day of December* 1848, to be used *de bene esse*, provided a copy of the order be duly served on the plaintiff or his attorney. The order was regularly served, and Barney's testimony was taken by the commissioner on the 1*6th day of December* 1848, and (as appears by the commissioner's return,) in the presence of the attorney of the plaintiff. On the 20th

Williams, *et al.*, Exe'rs of Chase, *vs.* Banks.

December 1848, the commission was reopened, and the witness was cross-examined by the plaintiff.

At the trial, the plaintiff offered in evidence the promissory note upon which suit was brought, and proved the signature of Mrs. Chase thereto, and the endorsement thereon to be in the handwriting of the payee, and then rested his case.

The defendants then offered to read to the jury the deposition of William Chase Barney, already referred to, but the plaintiff objected to its admissibility, and the court sustained the objection and rejected the testimony.

The admissibility of this testimony is the only question involved in this appeal, and the sole ground upon which its inadmissibility is based, consists in the circumstance that the order of the court directed the deposition to be taken on the *12th day of December*, whereas the return of the commissioner shows that the deposition was not taken in fact until the *16th of December*.

A strict compliance with the requirements of the statute, as well as the order of the court, is necessary to the validity of this proceeding, all of which should appear in the commissioner's return. Therefore, under ordinary circumstances, the departure by the commissioner from the order of the court, as to the *time* of taking the deposition, would vitiate his proceedings and render the deposition inadmissible as evidence in the cause. *Young and Wife, vs. Mackall*, 4 *Md. Rep.*, 362.

The formalities required in taking testimony under a commission, as to time, place, &c., are required chiefly for the protection of the adverse party, and to secure to him the right to participate in the examination of the witnesses, if he chooses to do so. But if, on the other hand, he thinks proper to waive his right to a strict compliance with the directions of the commission, and agrees to its execution in an informal way, he cannot afterwards object to the proceeding upon the ground of its irregularity in this respect. The question here is, does the fact of the plaintiff's presence by his counsel, and the cross-examination by him of the witness, amount to an assent to the informal execution of the commission? We

26    v.5

think it does, and that he cannot afterwards object to an irregularity in the proceeding of the commissioner, which he virtually sanctioned and agreed to by his presence and conduct.

In the case of *Harris vs. Wall,* 7 *Howard,* 693, a case relied on by the appellee, it appears that the counsel, though present when the testimony was taken, *declined to take any part in the proceedings,* and it would appear from the reasoning of the court, if he had participated, as in this case, it would have amounted to a waiver of the irregularity. We think therefore that the presence of the counsel, and his cross-examination of the witnesses, was equivalent to an agreement to waive any irregularity as to the time and place when or where the deposition is executed. *Jackson vs. Kent,* 7 *Cowen,* 59. *Talbott vs. Bradford,* 2 *Bibb,* 316. *Stewart vs. Ross,* 2 *Dallas,* 157. 1 *Peters,* 307.

*Judgment reversed and procedendo awarded.*