(Decided November 17th 1864.)

WILLIAM A. QUYNN *vs.* WILLAM P. BROOKE, ADMINISTRATOR D. B. N.,—C. T. A., OF M. B. CARROLL.

COMMISSIONERS TO PERPETUATE TESTIMONY UNDER THE ACT OF 1828, CH. 165: QUALIFICATION OF:—A Commissioner to perpetuate testimony appointed under the Act of 1828, ch. 165, who had taken the oath prescribed by the 5th section of that Act, in "open Court," and whose certificate of qualification was at the same time filed in the office of the Clerk of the Circuit Court for Prince George's County, was duly qualified—and the filing of the certificate of qualification being a sufficient recording thereof according to the requirements of that Act.

PRACTICE: COMMISSION FOR TESTIMONY: NOTICE.—Where there was a standing rule of Court requiring a party, to give to the adverse party *ten days* notice before taking testimony before a Commissioner, passed in pursuance of the provisions of the Act of 1828, ch. 165, it was HELD:—

That testimony taken under a special order, passed *ex-parte*, on *three days* notice, was taken without due and sufficient notice.

APPEAL from the Circuit Court for Prince George's County.

This was an action of *Assumpsit*, brought by the appellant against the appellee, on the 14th of October 1853. The declaration contained the usual counts in *indebitatus assumpsit* omitting the *quantum meruit*. Pleas *non-assumpsit* and *limitations*. The cause has twice before been considered by this Court on appeal. The case of the first appeal is reported in 10 *Md. Rep.*, 197, and the second in 13 *Md. Rep.*, 379. The single question presented by this appeal is, whether certain testimony taken *de bene esse*, in the manner set forth in the opinion of this Court, was properly excluded by the Court below (CRAIN, J.,) from the consideration of the jury.

The cause was argued before Bowie, C. J., and Bartol, Goldsborough, and Cochran, J.

*C. C. Magruder, Jr.*, for the appellant.

It will be contended that the commission and proof ought to have been admitted in evidence on the following grounds:

1st. Although there was a rule on the subject, the Court had power to pass a special order for the examination of the witness. Rules may be modified, varied, or suspended, when it appears that injustice will not be done to the opposite party. We do not know the reason why a special order was passed; the presumption is, that there were circumstances rendering this course necessary to prevent a failure of justice, as the order was passed "upon due cause shown to the Court." *Carroll vs. Barber*, 7 *H. & J.*, 454. Act 1828, ch. 165. *Williams vs. Banks*, 5 *Md. Rep.*, 201. *Collins vs. Elliott*, 1 *H. & J.*, 1. *State vs. Levy*, 3 *H. & McH.*, 591.

37     v. 22.

2nd. The commissioner was duly qualified by taking the oath; that is all that concerns the parties. Recording the certificate is required to perpetuate the evidence of qualification in case of loss of the certificate itself. The requirement to record is merely directory to the clerk, and his failure of duty does not prejudice any party. There is no time specified within which the certificate must be recorded; this, however, was ordered to be done by the plaintiff, and if never recorded, it was not his fault. *Young vs. State,* 7 *G. & J.,* 253, 264. Act 1828, sec. 5. *Boteler & Belt vs. State,* 8 *G. & J.,* 383.

3rd. The admission of service and non-attendance by the defendant's counsel, are a waiver of objection, to the supposed irregularity. *Carzenove, &c. vs. Vaughan,* 1 *Maule & Selwyn,* 4. *Ins. Co. vs. Glenn & Coates,* 14 *Md. Rep.,* 285. *Boyd & Hanch vs. Ches. & Ohio Canal,* 17 *Md. Rep.,* 195. *Benson vs. Davis' Adm'rs,* 6 *H. & J.,* 272.

*Daniel Clark* and *T. G. Pratt,* for the appellees.

It will be argued by the appellees, that the Court properly refused to permit the said deposition so taken to be read in evidence in the cause.

1st. Because Ed. W. Belt, the commissioner who took the deposition was not duly qualified,—and the parol evidence introduced for the purpose of proving the due qualification, was inadmissible. Act of 1828, ch. 165, sec. 5. *Evans vs. Bonner,* 2 *H. & McH.,* 377. *Ridgely vs. Howard,* 3 *H. & McH.,* 321. *Flanagan's Lessee vs. Young,* 2 *H. & McH.,* 38. *Abraham Lewis' Lessee vs. Waters,* 3 *H. & McH.,* 430. *Gittings vs. Hall,* 1 *H. & J.,* 23. *Lowes vs. Holbrook, Id.,* 153. *Anon.,* 4 *H. & McH.,* 159.

2nd. Because the filing of the certificate of qualification of the said commissioner was not a sufficient recording of the same as required by law, and the same was never recorded until the 6th of April 1857, after the return of

the deposition. *Byer vs. Entyre*, 2 *Gill*, 150. *Mitchell vs. Mitchell*, 1 *Gill*, 67. *Budd vs. Brooke*, 3 *Gill*, 198. *Jones vs. Jones*, 2 *H. & J.*, 281, and cases above referred to.

3rd. Because the Act of 1828, ch. 165, sec. 2, requires that the proof authorized to be taken under it shall be taken "after due notice to the other party or his attorney, agreeably to such rule as shall be made by said Courts respectively;" and the rule of the Court below, made in pursuance thereof prescribing the mode of taking depositions under this Act, provides, "that ten days notice shall be given to the adverse party," which notice shall be in writing, and signed by the person who is to take such deposition as commissioner, and by the party or person so designing to take such deposition;—only three days notice was given in this case, nor does the notice with sufficient precision designate the time, nor is it signed by the person designing to take the deposition. The rule of the Court is the law which must govern its action, by the express language of the Act, and the rule not being complied with in taking the said deposition, the evidence is clearly inadmissible. Act of 1828, ch. 165, sec. 2. *Mitchell vs. Mitchell*, 1 *Gill*, 67. *Wall vs. Wall*, 2 *H. & G.*, 79. *Dunbar vs. Conway*, 11 *G. & J.*, 92, and cases above referred to. *Abercrombie vs. Riddle*, 3 *Md. Ch. Dec.*, 320. *Gist vs. Drakeley*, 2 *Gill*, 330. *The Argo*, 2 *Wheat.*, 287. *London Packet*, 2 *Wheat.*, 876. *Wallace vs. Mease*, 4 *Yeates*, 420.

II. The only authority by which the Court could order the taking of the said deposition, was the special power given by the Act of 1828, ch. 165, sec. 2. Where a statute confers a special authority upon a Court, and, as here, directs that the Court shall prescribe by a rule of Court the manner in which that authority is to be exercised, the rule when passed becomes a part of the statute, and the statute is to be construed as if the rule had been incorporated in it. *Bradstreet vs. Baldwin*, 11 *Cowp.*, 30.

*Winoviskie Turnpike Co. vs. Ridley,* 8 *Vermont,* 404. *Bell vs. Morrison,* 1 *Peters.* 35 l. *Frye vs. Parker,* 2 *Pick.,* 65. *Williams vs. Banks,* 5 *Md. Rep.,* 199. *Young vs. Mackall,* 4 *Md. Rep.,* 362. *Collins vs. Elliott,* 1 *H. & J.,* 2. *Shrivers vs. Wilson,* 5 *H. & J.,* 133. *Commissioners of Poor vs. Gains,* 3 *Brevard,* 396. *Bascom vs. Bascom, Wright,* 632. *Sanders vs. Howe,* 1 *Miss.,* 363.

It will be further argued that the order of the Court, under which the said deposition was taken, having stated it should be "used in the contingency provided for in the Act of Assembly," the Court was proceding therefore under the 2nd section of the Act, and not under the 1st section, because the 1st section does not provide for any contingency. In ordering the taking of the deposition to be "used in the contingency provided for in the Act of Assembly," it had no authority to pass a special order under the first section of the Act, prescribing such notice as the Court might think fit in the exercise of its discretion to fix. *Wall vs. Wall,* 2 *H. & G.,* 79. *Abercrombie vs. Riddle,* 3 *Md. Ch. Dec.,* 320.

The appellee will further insist, that the order of the Court does not embrace the cases provided for in the third section of the Act of 1828, ch. 165, and even if it could be so construed, the notice is still insufficient, because the "reasonable notice," which must be given to the party against whom such deposition is to be used, by the Act of 1832, ch. 111, sec. 2, "shall be at least ten days previous notice." The deposition is further inadmissible under the third section, because it does not appear by the return to be signed by the deponent, nor has the same after its return been recorded by the clerk. Act of 1828, ch. 165, sec. 3. Act of 1832, ch. 111, sec. 2.

The appellee's counsel also cited the Acts of 1779, ch. 78, sec. 6., and 1723, ch. 8 sec. 4; and *Marshall vs. Harwood,* 9 *Md. Rep.,* 83. *Harris vs. State,* 14 *Md. Rep.,* 238. *Washington vs. Hodgkins,* 12 *G. & J.,* 353.

BARTOL, J., delivered the opinion of this Court.

At the trial of this cause in the Circuit Court, the plaintiff, now appellant, offered in evidence the testimony of Miss S. M. Worthington, taken by a commission under the Act of 1828, ch. 165, which, being objected to by the defendant, was rejected; and the single question presented by this appeal is, whether the testimony taken under the commission ought to have been admitted. The objections to its admissibility urged by the appellee, may be considered under two general propositions. 1st. That the commissioner was not duly qualified. 2nd. That the testimony was taken without due and sufficient notice.

It appears by the bill of exceptions, that Edward W. Belt, by whom the deposition in this case was taken and returned, was duly appointed by the Circuit Court for Prince George's County, a commissioner to perpetuate testimony under the Act of 1828, ch. 165. This is evidenced by the production of the order. The objection here taken is to the want of competent and sufficient proof of his qualification, by taking the oath prescribed by the 5th section of the Act. That section requires that the oath shall be taken before some judge or justice, and a certificate thereof shall be recorded among the records of the County. The evidence of Mullikin, deputy clerk, is that he administered in open Court to Mr. Belt, the oath of his office in the words of the Act of Assembly, prescribing the same, (the Act of 1828, ch. 165,) and filed on the day of the date thereof, in the rough bundle of the papers of the office of the clerk of the Court, his certificate of qualification, where it has remained ever since, and which was not otherwise recorded. Then follows the certificate, as follows:

Prince George's County, Sct. "Be it remembered this 14th day of November 1854, personally appeared Edward W. Belt before the subscriber, in open Court, and took the oath prescribed by the Act of 1828, chapter 165, as

one of the commissioners appointed by the Circuit Court for Prince George's County, to take testimony in civil cases pending in said Court. Sworn to in open Court this 14th day of November 1854, before OWEN NORFOLK, Clk.''

. The witness afterwards states that the certificate was recorded on the 6th of April 1857. The testimony was taken on the 18th of November 1854, returned on the first day of December 1854, and offered in evidence at the trial in November 1860.

The first objection urged to this proof of qualification, is, that the oath ought to have been taken before the judge, whereas, it appears to have been taken before the clerk. But the certificate shows that it was taken *in open Court.* That was certainly taking it before the judge; all oaths administered by the clerk in open Court are in contemplation of law taken before the judge;—the clerk is but the hand or instrument of the Court, and all official acts done by him in open Court are done in the presence and by the authority of the Court.

The second objection,—that the certificate was not actually recorded by the clerk before the commissioner acted, by which we suppose is meant that it was not copied into any book, is equally untenable as the first. The filing of the paper in the proper office by the clerk, was a recording of it within the meaning of the Act of Assembly; so it has been always held with reference to deeds and other papers required by law, to be recorded. But if this were not so, the cases of *Young vs. State*, 7 *G. & J.*, 254, and *Boteler & Belt vs. State*, 8 *G. & J.*, 359, are authorities to show that the omission of the clerk to perform his duty under the Act, in failing to record the certificate, would not have the effect of impairing the qualification of the commissioner, who has complied with the law by taking the oath prescribed.

The objection to the testimony on the ground of want of notice, is next to be considered. There was a standing rule of Court requiring a party to give to the adverse party, *ten* days notice before taking testimony before a commissioner. In this case, the Court on application of the plaintiff, passed a special order, directing the deposition of Miss Worthington to be taken by Edward W. Belt, commissioner, upon giving *three* days notice of the time and place, &c. This order states on its face that it was passed "upon due cause shown to the Court." The evidence was taken in conformity with the special order, after three days notice. And the question for this Court to decide is, whether it was within the power of the Circuit Court to pass the special order in this case, in the face of a general rule then in force. The exact nature and extent of the discretionary power of Courts of justice to modify, vary or extend the rules adopted by themselves to promote the administration of justice, has never been exactly defined, and it would perhaps be difficult to prescribe with certainty its precise limits. In *Carroll vs. Barber*, 7 *H. & J.*, 456, Chief Justice BUCHANAN said: "Courts will sometimes enlarge or suspend their rules when the ends of justice require it." In that case the question arose upon the right of a bail to surrender the principal, under a *scire facias*. The standing rule of the Court allowed the surrender "at any time during the first five days of the term, but not afterwards;" the offer to surrender was on the sixth day of the term, but the Court refused to extend the rule, and on the appeal the Chief Justice used the language above cited. And in the same case he said: "Rules of Court are necessary to the due administration of justice, but the rule in question would be perfectly useless, if in such a case as this it is not to be enforced." It may be inferred from the language employed by the Court of Appeals, that they considered it competent for the Court below to enlarge the

rule in that case, if in its opinion the ends of justice required it. But this is only inferential, for no judgment was pronounced by the Court of Appeals. The order appealed from being merely interlocutory, the appeal was dismissed. In *Wall vs. Wall*, 2 *H. & G.*, 79, the defendant relied on the statute of limitations, but had not filed his plea, set out at length, in time and manner as required by the rules and practice of the Court. The inferior Court decided the plea to be sufficient in form and time. The Court of Appeals reversed the judgment, and Judge ARCHER delivering the opinion of the Court said (pages 81, 82:) "Where a Court has established rules for its government, and that of suitors, fixing days for the filing of pleadings; and where the long established practice of the Courts requires special pleas to be drawn up and filed at length, there exists no discretion in the inferior Court to dispense at pleasure with their own rules, or to innovate upon such established practice." A similar decision was made in *Dunbar vs. Conway*, 11 *G. & J.*, 92, where the question was upon the surrender by a bail of the principal debtor, under a *scire facias*, where the Court says: "This Court has always regarded a legitimate rule of Court as prescribing a law to the Court. The proper office of such a rule is to establish fixed and settled practice, to which the Court is required to conform."

It would seem to follow, from these decisions, that it was not within the discretionary power of the Circuit Court, to disregard their own standing rule, fixing the length of notice necessary to be given before the execution of the commission. It is very clear that if the testimony had been taken on three days notice, without any special order of Court for that purpose, the objection to its admissibility would be fatal, and it would be error to admit it at the trial for any cause shown, except that it was taken by the commissioner with the knowledge and

consent of the adverse party. But it is supposed the special order was a rescision of the standing rule *pro hac,* or withdrew the case from its operation. The question, however, still comes back to the inquiry as to the power of the Court to depart from, or violate its own rules, in any particular case, and it would make no difference in principle, whether this were done by dispensing with the rule at the trial, for good cause then shown to the Court, or dispensing with it beforehand, by a special order passed *ex-parte* in the particular case. The taking of testimony in common law cases, before a commissioner is an innovation upon the common law, authorized only by the Act of Assembly; it is a special proceeding, and the requirements of the statute, and of the order or rule of Court must be strictly complied with. 5 *Md. Rep.,* 201.

In this case, the testimony was taken under the second section of the Act of 1828. That section provides: "that either party in any action depending in the said Courts, after due notice to the other party or his attorney, *agreeably to such rule* as shall be made by said Courts respectively, may take the deposition of any witness before any one of said commissioners, to be used as testimony on the trial of such action," upon the contingency therein provided. In executing the power conferred by the statute, it was intended that the Courts should prescribe some definite rule, fixing the notice to be given; and in compliance with its provisions, the Circuit Court established the rule governing cases of this description. That rule we consider as binding upon the Court and upon the parties, and while it continued in force the Circuit Court could not by a special order passed *ex-parte* take this case out of its operation. We do not mean to say that it would not be competent for the Circuit Court in adopting a standing rule governing cases under the Act of 1828, to provide in the rule itself, that the Court may in its discretion, in a case of exigency, provide by special order

38       v. 22.

for a modification of the rule in respect to the length of
notice prescribed.    But in the rule before us there is no
such provision, and its terms not having been complied
with, the testimony was inadmissible.

*Judgment affirmed.*

(Decided  November 17th  1864.)