JESSE WILSON *vs.* JACOB BOOR, use of WILLIAM HALL.

*Duty of Arbitrators as to Notice to the Parties.*

Where matters in dispute are submitted to arbitration, it is the duty of the arbitrators to appoint a time and place for the hearing, and to give the parties notice thereof, and to afford them an opportunity to produce their evidence; and a disregard of this duty by the arbitrators, will render their award void.

APPEAL from the Circuit Court for Allegany County.

This was an action brought by the appellee to recover an amount awarded by arbitrators, to be paid to him by the appellant. To the declaration the defendant demurred, and the Court overruled the demurrer. The defendant thereupon filed eight pleas. Upon the first, second, third and sixth pleas issue was joined. The plaintiff replied to the eighth plea and issue was joined thereon. To the fourth, fifth and seventh pleas, as follows, the plaintiff demurred:

4th. That the said arbitrators and umpire did not, before making the said several awards, appoint any time for hearing the defendant and his witnesses, and proof touching the matter referred, and that said awards, and each of them was made by said arbitrators and umpire without having given the defendant any opportunity of producing any witnesses or proofs.

5th. That before the making of said alleged awards and each of them, the defendant applied to the said arbitrators and umpire, and each of them, to hear and examine witnesses and proofs pertinent and material to the matters submitted to arbitration, which witnesses and proofs the defendant was ready then and there to produce, and said

arbitrators and umpire refused to hear and examine said witnesses and proofs upon said matters.

7th. That previous to the making of the agreement of submission mentioned in the declaration, the defendant had allowed to the plaintiff an abatement on the purchase money of the whole land sold to the said plaintiff, which abatement was agreed, by the plaintiff and defendant, to be sufficient compensation for the deficiency in said agreement mentioned, and the plaintiff gave his note to the defendant for the balance of the purchase money after deducting the allowance agreed upon for said deficiency, and that said settlement and allowance for said deficiency, and said note for the balance of the purchase money due from the plaintiff to the defendant, were matters embraced in said agreement of submission, and that said arbitrators and umpire did not take into consideration said settlement and allowance for deficiency, which the defendant had previously made the plaintiff, and said note due from the plaintiff to the defendant for balance of the purchase money ascertained upon said deficiency, but refused to hear testimony of the same and to hear and consider the same, and so the defendant saith that there was no award made in the case.

The Court sustained the demurrer, and the verdict being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE and GRASON, J.

*William Walsh*, for the appellant.

The pleas demurred to, are based not upon partiality or misconduct, or other mere irregularities in the arbitrators, but go to the very root of the award, and show it to be void for want of an essential element of its jurisdiction. *Sadler vs. Smith*, 5 *Q. B.*, 39 (*L. Rep.*;) *Re Brook and Delcomyn*, 16 *C. B.*, *N. S.*, 403, (*E. C. L. R.*, 111;)

*Elmdorf vs. Harris,* 23 *Wend.,* 628 ; *Snediker vs. Pearson,* 2 *Barb. Ch.,* 107 ; *Sabin vs. Angell,* 44 *Vt.,* 523 ; 46 *Miss.,* 84 ; *Cecil vs. Cecil,* 19 *Md.,* 79 ; *Bulliti vs. Musgrove,* 3 *Gill,* 31, 48, 49 ; *Emory vs. Owings,* 7 *Gill,* 488 *and* 496-7-8 ; *Rigdon vs. Martin,* 6 *H. & J.,* 403 ; *Young, et ux. vs. Reynolds,* 4 *Md.,* 375-81 ; *Md. & Del. R. R. Co. vs. Porter,* 19 *Md.,* 459-71-72.

The seventh plea shows that the arbitrators did not consider and include in the award, an essential part of the matter submitted to them. The non-including of matter submitted, or the including of matters not submitted, renders the award a nullity. *Mitchell vs. Staveley,* 16 *East,* 58 ; *Fisher vs. Pimbly,* 11 *East,* 188. The matters set up in the seventh plea were proper matters to be pleaded in bar. *Perry et ux. vs. Mitchell, adm'r,* 12 *Meeson & Welsby,* 792.

Even if these pleas amounted to fraud and corruption in the arbitration, they would constitute a proper defence at law. *Snediker vs. Pearson,* 2 *Barb. Ch.,* 107.

*William Brace, Jr.,* for the appellee.

The fourth, fifth and seventh pleas are bad, both in form and substance. First. They are bad in substance, because they attempt to set up matter in bar of the suit, which can only be used as a ground of relief in equity. Partiality and improper conduct in an arbitrator in making his award without hearing the defendant and his witnesses, cannot be pleaded in bar to an action on the bond, conditioned for the performance of the award, *but it is only matter for application to the equitable jurisdiction of the Court to set aside the award.* 3 *Chitty on Pleading,* 978, *mar., quoting,* 8 *East.,* 344 ; 1 *Saund.,* 327, *b, &c.*

In regard to corruption or other misconduct or mistake of the arbitrators in making their award, the common law seems not to have permitted these to be shown in bar of an action at law for the non performance of the award ; but

the remedy must be pursued in equity. But in this country, in those States where the jurisdiction in equity is not general, and does not afford complete relief in such cases, it has been held that if the arbitrators act corruptly, or commit gross errors, &c., the defendant may plead and prove such matters at law. 2 *Greenl. on Ev.*, *sec*. 78.

In Maryland, a Court of Equity can, and will, "afford complete relief in such cases." *Sisk, et al. vs. Garey*, 27 *Md.*, 401, 419; *see* 2 *Story's Eq.*, *secs*. 1451 *and* 1452, *and authorities there cited; also Russell on Arbitration and Awards*, (53 *Law Libary, 3rd series*,) 509 *and* 510, *mar.; Watson on Arbitration and Awards*, (49 *Law Library, 3rd series*,) 362, *mar.; Billing on Awards*, (41 *Law Library, 3rd series*,) 283 *mar.*

The pleas in 8 *East.*, (*Braddick vs. Thompson*,) were almost exact counterparts of the fourth plea in this case, and a demurrer thereto was entered and sustained.

The seventh plea, which purports to go upon the ground of misconduct and omission on the part of the arbitrators, also undertakes to say that there was no subject-matter really before them—the matter in difference having been settled *before* the submission. The third and fourth counts in the *nar*. state that the plaintiff had sold certain lands to the defendant, which were found to be deficient in quantity, "for which deficiency defendant was liable to answer;" and that they submitted the question to the arbitrators, of "the value of said land so found to be deficient," and of "the *amount* that said defendant should pay to said plaintiff, on account of such deficiency, and as damages therefor." The plea, which is general, says that there had been an abatement in the purchase money, which had been agreed "to be sufficient compensation for the deficiency," thus attempting to set up a defence that the plaintiff had waived his right to be compensated, without denying that the question submitted was, "how much shall he have?" A parol understanding that plaintiff was not to be further

compensated, even if true, as set out in the plea, would not stand for a moment in the face of their written and sealed agreement, which, as shown by the *nar.* and not denied by the plea, admitted something to be due.

Second. The pleas are bad in form: The *nar.* shows that the point to be settled by arbitration was merely the value of property; in such case there was no necessity for witnesses, (2 *Parsons on Contracts*, 706, *mar. note n.,*) and there is no averment in the fourth plea showing the necessity to exist.

The fifth plea is open to the same objection, and moreover, there is no allegation that the witnesses the defendant wanted to produce, were competent witnesses. The arbitrator is the judge of competency. *Watson on Arbn. and Awards*, 121, *mar.*, (49 *Law Library*, 3rd series, 83, *top.*)

The seventh plea is bad for uncertainty. It is almost impossible to discern its intent. If the effect of the allegations of the plea is such as to justify its conclusion, "that there was no award made in said case," then the defendant had the benefit of the whole of it in his second plea.

Are the pleas in this case based upon partiality and misconduct of the arbitrators, or do they necessarily impute misconduct? The appellant says not, but as to the fourth and fifth pleas, this can hardly be considered an open question. *Russell on Arbtn. and Awds.*, 510, *mar.; Morse on Arbtn. and Awards*, 542; *Braddick vs. Thompsom*, 8 *East.*, 344; *Grazebrook vs. Davis*, 5 *Barn. & Cress.*, 534.

As to the seventh plea, in regard to the refusal of the arbitrators to consider the abatement of purchase money. Is not their conduct, if truly set forth in the plea, clearly misconduct and corruption? It charges that they "*refused to hear testimony of the same, and to hear and consider the same;*" not that it was inadvertantly omitted in their consideration of the case, but that they *refused*, although it was part of the submission, to consider the same and hear

testimony. The allegation in a plea of facts, which imply or *impute* misconduct render the plea bad. *Morse on Arbtn. and Awds.*, 542; *Russell on Arbtn. and Awds.*, 510, (*mar.*)

None of the pleas deny notice of the hearing, and even if they did, the defendant would not have been injured by their rejection, as want of notice could have been used without being specially pleaded. There was no special plea of want of notice in *Bushey vs. Culler*, 26 *Md.*, 534; and yet it was proved and used in the case. The pleas all contain matter *de hors* the award, and are therefore bad. *Morse on Arbtn. and Awds.*, 542; *Sisk, et al. vs. Garey*, 27 *Md.*, 401; *Ebert vs. Ebert*, 5 *Md.*, 353.

STEWART, J., delivered the opinion of the Court.

This action was brought to recover the amount of an award. The *nar.* in substance, recites the submission and award, and alleges its non-performance by the defendant.

To the fourth, fifth and seventh pleas of the defendant, the plaintiff demurred, and the Circuit Court sustained the demurrer, and these present the only matters for our review in this appeal.

The fourth and fifth pleas substantially allege that the arbitrators appointed no time for the hearing of the case; and the defendant had no opportunity to produce material evidence; that the arbitrators, when applied to by him, refused to hear his proofs.

It would be in utter subversion of the principles of enlightened jurisprudence, to hold that arbitrators selected by the parties for the determination of their disputes, have the power to disregard such a vital and cardinal principle in the administration of justice, as to undertake to discharge their duties without notice to the parties, of the hearing, and fair opportunity of trial.

Such a doctrine finds no sanction in our practice.

On the contrary, our Courts have recognized the absolute justice and propriety of these indispensable requisites.

*Bullitt vs. Musgrave,* 3 *Gill,* 49; *Young and wife, vs. Reynolds' Exrs.,* 4 *Md,* 375; *Md. & Del. R. R. Co. vs. Porter,* 19 *Md.,* 458; *Bushey vs. Culler,* 26 *Md.,* 534.

Parties may waive notice, or the case may be of such character as not to require notice.

If the submission, by its terms, has dispensed with notice, or the necessity of adducing testimony, of course no such defence could be made. 19 *Md.,* 458.

The Circuit Court erred in sustaining the demurrer to the fourth and fifth pleas, and its judgment must be reversed as to them.

But as to the seventh plea, proposing to enter into the merits of the controversy between the parties, and the action of the arbitrators, and relying on other grounds of defence, we find no error in its ruling.

> *Judgment reversed,*
> *and new trial ordered.*

(Decided 24th June, 1874.)