# ROBERTS BROTHERS *vs.* CONSUMERS CAN COMPANY.

*Arbitration and Award—Mistake of Arbitrators in Rejection of Depositions—Vacating Award—Waiver.*

The award of arbitrators will not be upheld unless in their conduct of the arbitration the parties to the controversy had a full and fair hearing, and the award is the honest decision of the arbitrations, and involves no mistake so gross as to work manifest injustice, or furnish evidence of misconduct on their part.

Arbitrators are not governed by the strict rules of Courts of law as to the admissibility of evidence or as to the return of depositions.

When arbitrators improperly refuse to receive or consider depositions taken before a Notary Public under the submission, upon the ground that the depositions were not returned to them but to one of the parties, although they reached the arbitrators in an unaltered condition within the prescribed time, and the party whose deposition is so rejected protests against such action, he does not waive his right to attack the award by failing to withdraw his submission before it is made.

Certain goods sold by the defendant to the plaintiff were rejected by a sub-vendee of the latter in another State on the ground that they were

unmerchantable and not a good delivery. The controversy relating to this question, as well as others, and the questions of fact and law involved, were referred to arbitrators under an agreement between plaintiff and defendant by which it was provided that depositions of non-resident witnesses should be taken before a Notary, after notice, and returned by him to the arbitrators by a certain day. Plaintiff gave notice of the taking of testimony in the other State relating to the condition of the goods which had been rejected by his vendee, which was the principal question before the arbitrators. This testimony was duly taken by a Notary but, by his mistake; instead of being sent to the arbitrators it was sent in a box to the plaintiff, who thereupon, without opening the box, and before the day fixed for the final hearing, presented the same to the arbitrators. They refused to consider this testimony because it had not been returned to them and refused to permit the depositions to be returned to the other State to be re-certified. Plaintiff filed a written protest against this action. The award was against the plaintiff and he filed this bill to set the same aside. *Held,* that the rejection by the arbitrators of these depositions, which contained the only evidence of the plaintiff on the principal question in controversy, constituted such a gross mistake as requires the award to be vacated and annulled.

Appeal from the Circuit Court of Baltimore City (HARLAN, C. J.)

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*William A. Wheatley,* for the appellants.

*Joseph C. France,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Baltimore City which set aside an award rendered by arbitrators. The subject of the award was a dispute between the appellants and the appellee growing out of the sale of a quantity of tin cans intended for packers' use.

The entire dispute was submitted for decision to three arbitrators who heard evidence upon the subject and made an award in writing which was subsequently, upon a bill filed for that purpose, set aside by the decree now appealed from. The merits of the controversy covered by the arbitration are not

before us on this appeal and we express no opinion thereon *pro* or *con*, but it will be necessary for us to notice the nature and subject-matter of that controversy in order to clearly discuss the issue presented by the record before us.

Both the appellants and the appellee are dealers in tin cans in Baltimore City. In the summer of the year 1903 the appellee purchased a large quantity of cans intended for shipment to its western customers. The cans were sold to the appellee f. o. b. at Baltimore but, in the course of dealing between the parties, they were loaded by the appellants into the cars of the Baltimore & Ohio R. R. Co. at Baltimore and consigned directly to the parties who had purchased them from the appellee, which supplied the names and residences of the consignees for that purpose. Sample cans were submitted for approval to the appellee, but the cans themselves which were consigned to the purchasers were never seen by the appellee. Whenever sales of the cans were made by the appellee they were loaded into the cars and the bills of lading therefor were taken out in its name and it drew drafts against the bills for the price at which it had sold the cans and the drafts with the bills of lading attached were placed in the hands of the appellants as collateral and for collection. As the appellee made a profit on the cans sold by it the proceeds of the drafts would slightly exceed the amount due on them to the appellants who would account to the appellee for the excess.

In this course of dealing a car, said to be No. 91106, loaded with cans was shipped by the appellants to the appellee's purchaser, the Westfield Packing Company, located in the State of Indiana, which paid the draft drawn against the bill of lading for the car in order to get possession of the cans. After that company had gotten possession of the cans it examined and rejected them as being unmerchantable and defective in quality; and to recover the damages which it had thereby sustained it sued out an attachment against the appellee in Indiana and levied the writ on several other car loads of the appellee's cans which had come within that jurisdiction. The

Westfield Company recovered a judgment *in rem* in the attachment suit for over twelve hundred dollars which the appellee had to pay in order to release the cars seized under the attachment.

Other car loads of the cans purchased from the appellants by the appellee, and sold by it to the Western Packing Companies affiliated with the Westfield Company under a common management, were rejected by the purchasers and returned to Baltimore to the appellants had held the bills of lading therefor.   When the appellants demanded payment for the cans from the appellee it claimed the right to deduct from the price thereof the losses which it had sustained by reason of their alleged defective quality and unmerchantable condition.   Litigation both at law and in equity between the appellants and the appellee resulted from this state of affairs and the arbitration was resorted to for the adjustment of the differences between them.

The parties on April 28th, 1904, entered into a written agreement briefly reciting their conflicting claims and submitting for determination to three arbitrators "the whole dispute between them, claim and counter claim."   The submission provided that "said arbitrators shall by reasonable notice from time to time give to said parties the opportunity of producing evidence before them; they shall determine all questions of law and fact; they shall make their final award in writing not later than the sixth day of June, nineteen hundred and four—unless said time is extended by the written assent of both parties; and such final award shall determine what amount of cash if any is due by either party to the other and what if anything either party shall do as a condition of being entitled to payment of the amount awarded.   *   *   *   The evidence of any witness not residing in the State of Maryland may be taken before a Notary Public by either party upon five days' notice to the other of the time and place.   The evidence as taken shall be returned to the arbitrators under the hand and seal of the Notary."   It was further provided in the submission that the award of a majority of the arbitrators, in case

of a failure of the entire number to agree should be binding on both parties.

The arbitrators held a number of sessions between May 5th and 17th, and heard testimony oral and documentary produced before them by the parties to the submission, and on the 19th day of May they rendered their unanimous award in writing finding that the appellee was indebted to the appellants in the sum of fifty-one hundred and one dollars and ninety-nine cents, that upon the payment thereof they execute and deliver to it a release of all demands of every kind to date.

On the 27th of May the appellee filed the bill in the present case alleging the dealings in tin cans between it and the defendants, the dispute arising therefrom, the arbitration and the award all of which we have briefly mentioned. It also alleged the following facts. On May 6th while the arbitration was in progress it was agreed between the parties and the arbitrators that the appellee should have until May 17th, to take and return the depositions of witnesses from Noblesville, Indiana, touching the condition of the cans in car No. 91106, upon which depended the substantial question at issue before the arbitrators whether the said cans were of such quality and in such condition as to constitute a good delivery under the contracts between the parties. The depositions were taken before a Notary at Noblesville on May 13th, after notice to the appellants and certified under the hand and seal of the Notary as having been taken in the arbitration, but through mistake and contrary to the directions of the appellee's attorney they were mailed by the Notary in a box to the address of the appellee instead of that of the arbitrators. The box containing the depositions was delivered on Sunday, May 15th, at the office of the appellee which was on that day in charge of a watchman who handed the bag unopened to the president of the appellee on his arrival at the office at about eight o'clock on Monday morning. He promptly took it to the office of one of the arbitrators and left it with him still unopened. On May 17th, the day fixed for the final session of the arbitrators the package containing the depositions was

produced by the one of the arbitrators having it in his possession but by a vote of two to one the arbitrators decided not to open the package or consider the depositions upon the ground that it was addressed to the appellee instead of the arbitrators. Thereupon the appellee's counsel urged the arbitrators to open the package and satisfy themselves that its contents had not been disturbed or at least to permit the depositions to be returned to Noblesville and re-certified and re-directed, but the arbitrators although they had until June 6th, to return their award refused to adopt either suggestion and made their award without inspecting or considering the depositions which constituted the only evidence of the appellee upon the vital point of the question in dispute. Upon the refusal of the arbitrators to examine or consider the depositions the appellee filed with them a written protest against their conduct in that respect.

The bill further charged that the award was invalid for the reason that it did not dispose of the entire controversy submitted in that it failed to require the appellants upon the payment of the sum awarded to them to return to the appellee sundry collaterals which the evidence showed were held by them as security for any balance which might be due them from the appellee on account of the sales of tin cans under consideration by the arbitrators.

The answer denies many of the allegations of the bill and charges the appellee with a purpose to procrastinate and evade the payment of its obligations but it admits the extensive transactions in cans between the parties, the shipment of them as directed by the appellee, the occurrence of disputes over the transactions and their submission to arbitration and the award of the arbitrators. It also admits the agreement for taking depositions at Noblesville and their rejection by the arbitrators, but avers that the rejection was proper because they were not taken and returned in accordance with the arbitration agreement. It further charges that the failure to have the depositions properly returned was part of a studied plan for further delay concocted and persisted in by the ap-

pellee. The answer insists that the award does fully cover all points submitted to the arbitrators and it makes allegations explanatory of the dealing of the appellants and arbitrators with the collaterals referred to in the bill, and insists that the appellee is indebted to the appellants after the allowance of all credits to which it is justly entitled, in the full sum found by the award.

Much testimony was taken in the present case, the greater portion of which related to the merits of the original controversy between the parties over the transactions with the tin cans. The remaining portion of the testimony had reference to the transmission to Baltimore of the box containing the depositions taken at Noblesville, Indiana, and its receipt and rejection by the arbitrators. That testimony convinces us that the box was·mailed, by the Notary before whom the depositions had been taken, to the appellee instead of to the arbitrators, purely through the mistake of the Notary without the suggestion or procurance of the appellee. We are also convinced by the testimony that the box upon its receipt by the appellee was promptly delivered to the arbitrators by the president of the appellee without having been opened or tampered with. The cardinal question therefore now before us for decision is whether the rejection by the arbitrators of the depositions under these circumstances constituted such a mistake on their part as to justify the Circuit Court in setting aside the award by the decree appealed from.

It has been settled by a long line of decisions that, as arbitrations are intended to compose disputes in a simple and inexpensive manner, whenever the parties to one have had a full and fair hearing the award of the arbitrators, will be expounded favorably and every reasonable intendment made in its support. *Lewis* v. *Burgess*, 5 Gill, 129; *Caton* v. *McTavish*, 10 G. & J. 192; *Ebert* v. *Ebert*, 5 Md. 353; *Garitee* v. *Carter*, 16 Md. 312; *Bullock* v. *Bergman*, 46. Md. 278; *Witz* v. *Tregallis*, 82 Md. 369. In such cases it is conceded that the Court will not look into the merits of the matter and review the findings of law or fact made by the arbitrators nor substi-

tute its opinion or judgment for theirs, but will require the parties to submit to the judgment of the tribunal of their own selection and abide by the award.

The favor which the Courts accord to awards of arbitrators is however predicated upon the assumption that in the conduct of the arbitration the parties to the controversy had a full and fair hearing, and that the award is the honest decision of the arbitrators and involves no mistake so gross as to work manifest injustice or furnish evidence of misconduct on their part. 3 *Cyc.*, 743; *Roloson* v. *Carson*, 8 Md. 221-2; *Wilson* v. *Boor*, 40 Md. 483; *Burchell* v. *Marsh*, 17 How. 344.

It is not denied in the present case that the arbitrators refused to receive or consider the depositions on behalf of the appellee taken in Indiana in reference to the condition of the cans in car No. 91,106. The award must therefore have been made without reference to that testimony. The bill of complaint alleges most positively, that the substantial question between the parties to the arbitration was whether the cans in that car were in fact unmerchantable as that fact if true formed the basis of the appellee's claim, and that the rejected depositions constituted its only evidence on that subject. It is apparent from the nature of the controversy submitted to the arbitrators, that this evidence was vital to the appellee's side of that controversy.

The avowed reason of the arbitrators for rejecting it was that the box containing it was mailed by the Notary to the appellee instead of to the arbitrators. In view of the fact that the appellee's president, upon the receipt of the box containing the depositions, promptly carried it unopened to one of the arbitrators and left it with him, we are of the opinion that the arbitrators should have received the depositions and considered them in arriving at their decision of the case submitted to them. In Courts of law where the right to issue commissions to take testimony rests entirely upon statute, it is held to be in derogation of the common law and a strict compliance with the requirements of the statute as to the execution and return of the commission is usually required. *Elliott on*

*Evidence*, vol. 2, sec. 1130; *Poe Practice*, sec. 223A; *Williams v. Banks*, 5 Md. 201; *Quynn v. Carroll*, 22 Md. 297. It has therefore been held by those Courts that where the statute required the return of the commission to be made to the Clerk of the Court or to the Court from which it issued a return to one of the litigants would be bad.

Arbitrations are however not governed by the strict rules as to the admissibility of evidence in force in courts of law. An attempt to require the application of those rules by lay arbitrators who cannot be expected to know them would often result in defeating the very purpose of the arbitration. Moreover in the present case no formal commission to take testimony was contemplated or provided for by the submission. The simple plan of taking depositions before a Notary was resorted to. The depositions were by the terms of the submission to be returned to the arbitrators by a certain day, and that was substantially done as it appears that the package containing the depositions reached their hands unopened within the prescribed time. It has been held in a number of cases that a return of depositions to the Clerk of a Court having no rule to the contrary through one of parties to the case is sufficient if the depositions are in the condition in which they left the hands of the official before whom they were taken, and due proof of that fact is made. *Logan v. Hodges*, 7 Ala. 66; *Veach v. Bailiff*, 5 Harr. (Del.) 379; *Homer v. Martin*, 6 Cowen, 156; *Doty v. Strong*, 6 Pinney, 313; 13 *Cyc.*, 962.

The submission, unlike our statute and rules of Court, prescribed no particular channel of transmission to the arbitrators of the depositions when taken, and as it appears from the record that they were in fact taken before a Notary Public after five days notice, and returned under the hand and seal of the Notary and reached the arbitrators in an unaltered condition within the prescribed time, there was a sufficient compliance with the terms of the submission to serve the substantial ends of justice and the arbitrators should have received and considered them.

The appellee did not waive its right to assail the award by

not withdrawing its submission when the arbitrators refused to receive or consider the depositions on its behalf. Waiver is a matter of intention, and the positive and timely protest against their action in that respect made plain its intention not to waive its rights in the premises. *Morse on Arb. & Award*, p. 173; *Haigh* v. *Haigh*, 31 L. J. Chy. 420; *Davis* v. *Price*, 10 W. R. 865.

As the decree of the Court below setting aside the award must be affirmed for the reasons already stated we deem it unnecessary to consider the further objection that it failed to cover the entire ground of the submission.

The decree appealed from will be affirmed.

*Decree affirmed with costs.*