PETER LOCKHART *v.* J. S. MacKENZIE, ALSO KNOWN AS JOHN S. MacKENZIE, ALSO KNOWN AS JOHN SHERIDAN MacKENZIE, AND AMERICAN SECURITY BANK, A HAWAIIAN CORPORATION, AND TAXIMETERS, LTD., A HAWAIIAN CORPORATION.

NO. 2946.

ARGUED FEBRUARY 25, 1954.          DECIDED APRIL 19, 1955.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

This cause was argued and submitted to the full court. The term of one of the justices, in the interim, having expired and he having left the bench, it was stipulated by all parties that the case be decided and opinion rendered by the two remaining justices.

This is an action in assumpsit by one Peter Lockhart, a resident of New York, for services rendered to the defendant in securing an order and allotment to defendant of twenty Packard motor vehicles for delivery to defendant in Honolulu.

The complaint alleges that in consideration of the plaintiff's agreement to perform, and his performance, defendant promised to pay to plaintiff ten per cent of the New York sale price for each of the Packards upon delivery; that through plaintiff's efforts and services as a broker, pursuant to the agreement, defendant obtained an order for and allotment of twenty Packards and he purchased and received delivery of four of the said Packards at New York sales price for a total of $8,800 on April 28, 1947; eight of said Packards on August 14, 1947, at New York sales price of $17,600; that on August 15, 1947, defendant voluntarily by his own action prevented the delivery of the remaining eight Packards by canceling the order and allotment for them; that pursuant to the agreement, defendant owed plaintiff the sum of $4,400 and said sum has not been paid. Defendant filed a general denial.

The evidence discloses that the defendant made an attempt to purchase a fleet of taxicabs from the Honolulu Packard agent in 1946 but the local agent had been unable to fill his order for the same; he thereupon went to New York and, according to plaintiff's evidence, sought a man

for aid in making contacts with Packard officials in New York; that an old friend of defendant, one Lou Hutt, put defendant in touch with plaintiff herein and it was agreed between plaintiff and defendant that plaintiff, an automobile man of twenty-five years' experience, almost twenty of which had been with the Packard Motor Car Company, would accompany defendant and attempt to obtain an allotment of cars for him, for which services plaintiff was to receive ten per cent of the New York purchase price of the automobiles, which was approximately $2,200 to $2,400 per unit; that plaintiff's services proved very valuable to defendant for, despite the fact that he had been denied cars by the Packard agency in Honolulu, his home town, he was able to have the Packard allotment in Honolulu increased so that an allotment of twenty cars would be made to him, and that plaintiff eventually received delivery of twelve of these automobiles and canceled the remainder of the order.

Defendant returned to Honolulu and on March 31, 1947, wrote plaintiff a letter stating, among other things: "Dear Pete: * * * Packards not here yet expect them end of Apr. * * * I am trying to finish up here so I can be in N. Y. end of Apr. or early May at which time I will settle with you re your services. If I can't come then will send you check as soon as Packards arrive and come later — * * * Your sincere friend, J. S. MacKenzie, P. O. Box 2176 Honolulu."

Plaintiff's case was tried by depositions and by putting defendant on as an adverse witness. Defendant, when called, stated he had had no business dealings whatever with plaintiff but he admitted the execution of the letter referred to.

Defendant's wife testified that she understood the dealings with plaintiff had been purely social. Then defendant took the stand in his own behalf and sought to explain the letter by saying that plaintiff and defendant had had

extensive business dealings regarding taximeters; that the services referred to were with reference to the taximeters and he felt he had a moral obligation in regard to the taximeter dealings and stated he had paid plaintiff $1,000; that this had been paid in cash; further, that he had not claimed this as a business expense on his income-tax return.

A deposition in which the plaintiff testified as to the facts alleged was taken in New York. An open commission was issued out of the circuit court directed to a named notary public in New York. Both plaintiff and defendant appeared by their respective attorneys. Depositions were duly recorded, executed by the witness and forwarded by mail to the clerk of the first circuit court in Honolulu. No objection was made as to the form at the time of the taking of the depositions nor were any objections taken at the time of their receipt or prior to the use of the depositions at the trial.

At the time of the trial it appeared that the original commission, including the motion for the issuance of the open commission, affidavit in support thereof and orders and commission were retained in the circuit court files, while certified copies of the folio including the commission were forwarded to plaintiff's New York attorneys and transmitted by them to the notary. The copy of the commission, as certified by the clerk as being a true copy of the original, was used in taking the deposition and returned to the clerk. The commissioner failed to forward the income-tax returns of plaintiff which defendant's attorney had asked be submitted to the commissioner; further, it appears that the depositions were not sealed when produced in court and there had been a correction of an answer to a question by a witness in the testimony returned.

The trial judge found for the plaintiff saying that neither the testimony of defendant nor his wife could be believed; instead of trying to tell the truth, they appeared

to be inventing parts of their testimony as they went along; that the letter of December 31, 1947, corroborated plaintiff's testimony and intended to impeach that of the defendant, and that "Defendant has given two inconsistent explanations of the reference in the letter to services and check, one to Mr. Saunders in 1949 and one in Court in 1952. Aside from their inconsistencies, neither explanation fits in with the wording of the letter. The letter shows clearly that the services and the check referred to in the letter related to Packards and not to taximeters or to seeing the town. Even if Plaintiff is no more believable than Defendant, Plaintiff's testimony of the ten per cent commission is the only believable explanation of Defendant's letter of March 31, 1947."

That the finding of the court is amply supported by the evidence is obvious and needs no comment other than the facts heretofore pointed out with reference to defendant's letter, his testimony and the conclusion of the trial judge as to the lack of credibility of the defendant and his witness.

However, defendant claims certain technical objections to the taking and return of the deposition. His first point is that the commissioner failed to return the original commission to take depositions which was issued out of the circuit court as required by the statute. The commission remained in the court file with a certified copy thereof going to the commissioner; the defendant's attorney appeared and participated in the taking of the deposition. Therefore, any irregularity is cured by the fact of both parties participating in the taking of the deposition. (*Williams, et al., Exc'rs of Chase,* v. *Banks,* 5 Md. 198; Jones on Evidence, 4th ed., vol. 2, § 671, p. 1218.) Among other objections by the defendant was the failure to include the income-tax return of plaintiff which plaintiff was told to produce by his attorney and which defendant's attorney also asked to have produced. This was not deemed as admissible by the trial judge and, if error, it was not reversible error. The

deposition was available for inspection by the defendant more than a year and a half before the trial started; had defendant really wanted to examine the returns he could have raised the issue long prior to the date of the trial; in fact, at the trial plaintiff's attorney offered to stipulate to a continuance and to produce the income-tax returns. Likewise, the unexplained failure of the commissioner to complete and forward a fourth deposition in behalf of *plaintiff* is not grounds for suppressing the other proper depositions, particularly in view of the fact that no demand was made on the commissioner or to the court for obtaining the deposition omitted from the return.

That the depositions were not sealed when produced in court would be at most an irregularity not material to the finding in the case as defendant at all times had copies of the depositions which were on file in the court, which copies had been forwarded to him by defendant's New York attorney. Further, the trial judge directed defendant's attorney to compare their copies with the originals being used at the trial and to call to the court's attention any irregularities or discrepancies. The only discrepancy was the correction in the typing which read "20%" to "10%", apparently such correction being made to comply with the statement of the witness. Further, the trial court deemed this an immaterial alteration if it were not properly made.

Exceptions dismissed and judgment of trial court sustained.

*G. T. Nakamura* (*Lee & Ashford* on opening brief; *P. A. Lee, Y. Fukushima* with him on reply brief) for appellant.

*W. W. Saunders* (*Lewis, Buck & Saunders* on the brief) for appellee.