(Decided 2nd March, 1877.)

JAMES BULLOCK and DAVID GLANDING *vs.* ISAAC BERGMAN.

*Award—Case of arbitrators going outside the terms of submission—That which will enable the Court to separate the good from the bad must appear on the face of the award—Speculative damages.*

J. B. having a contract with the Board of Directors of the Penitentiary, under which he was entitled to carry on the manufacture of harness at that institution, entered into an agreement with G. and B. to unite with them in partnership in carrying on the business. During the partnership, G. and B. filed a bill against J. B. charging him with a violation of his agreement, and asking for a dissolution, account, &c. Whereupon an agreement was entered into for the settlement of all matters in controversy between them, by which among other things, it was agreed, "that all matters appertaining to, or connected with the business in which the said parties have been engaged together in the Penitentiary, under the contract with the Directors thereof, and also under the contract between themselves," should be referred to two arbitrators with power to choose an umpire in case of disagreement,

Bullock, *et al. vs.* Bergman.

"the said arbitrators to have access to the books and papers belonging to the concern, and to ascertain and determine finally the precise interest of each party in business." Under this reference an award was made directing, that "*J. B. pay to G. as the portion of the profits due to him, and of the losses by him sustained by the neglect and refusal of J. B. to keep and abide by his contract with the said G., in relation to the said business conducted by them in the Penitentiary, the sum of* $3967.28; *and for the like contract as the profits and damages justly owing, and arising out of the same, that the said J. B. pay to B. as owing to and sustained by him the sum of* $3850.78." On a bill filed by J. B. to have said award set aside. HELD :

1st. That the award embraced matters not within the terms of the submission.

2nd. That the arbitrators were not authorized to decide upon any claims of damages made by G. and B., based upon matters not included in the partnership transactions and business.

The proof showed that the arbitrators took into consideration the claims made by G. and B., for alleged damages resulting to them from discontinuing the business; and included in the sums awarded to G. and B. an estimate of the profits, which they supposed might have been made by G. and B. if the business had been continued till the contract of J. B. with the Directors of the Penitentiary would have terminated. HELD :

1st. That damages estimated upon such a basis, are altogether speculative and of too uncertain a character to be sanctioned by the Courts.

2nd. That the subject-matter out of which they are supposed to have arisen, was not one submitted to the arbitrators, and they exceeded their authority in making it the ground of their award.

3rd. That while Courts regard awards with favor, and every intendment is made for their support, yet it is well settled, that they cannot be supported if the matters awarded are not within the terms of the submission.

4th. That the parties are not bound except by their agreement, and a decision by the arbitrators of any matter not referred to them, is beyond their authority, and vitiates the award, unless that part of it which is outside of the submission can be separated from the rest.

5th. That in this case it is impossible to make the separation, the sum awarded to G. and B. being *in solido,* and there being nothing on the face of the award to show what part of those sums consisted of damages awarded as before stated.

6th. That evidence was inadmissible to show in what manner the arbitrators reached their conclusion and the items making up the gross sums awarded.

7th. That the separability of the bad from the good must be apparent on the face of the award.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The following statement is the one referred to in the opinion of the Court, as "the paper made out by the witness Navy."

*Respondent's Exhibit G. W. N.*—(Filed with Commission.)

Total profit to Decr. 1st, 1873, after deducting
    full amount charged to profit and loss........ $7,999 37

Of which amount D. Glanding was entitled to
    one-third, say................................... $2,666 45
Less amount drawn by him........................ 1,350 00

Amount remaining due D. Glanding, Decr.
    1, 1873...................................... $1,316 45

Of said profit, James Bullock was entitled to
    one-third, say................................... $2,666 45
Less amount drawn by him........................ 1,466 50

Amount remaining due James Bullock, Decr.
    1, 1873...................................... $1,199 95

On the sales subsequent to Nov. 30, 1873, at the same ratio of profit as for the preceding period of their business, the profit should have been on the $11,000 sold, say $1952.50.

One-third of which would be due D. Glanding,
    say............................................ $650 83
One-third of which would be due James Bullock,
    say............................................ 650 83

Damages for not carrying out contract by Isaac Bergman:

Say to D. Glanding:.......................................$2,000 00
  "    James Bullock......................................  2,000 00

Attest:—G. W. NAVY, Clerk.

The cause was argued before BARTOL, C. J., STEWART, GRASON, ALVEY and ROBINSON, J.

*John S. Campbell* and *W. H. Cowan,* for the appellants.

The Courts make every intendment in favor of the award, and none against it. *Caton vs. McTavish,* 10 *Gill & Johns.,* 193.

The submission empowered the arbitrators to decide on all questions considered by them. The construction of the submission will not be strict, but it will be liberal to meet the object for which it was made. *Md. & Del. R. R. Co. vs. Porter,* 19 *Md.,* 458; *Garritee vs. Carter,* 16 *Md.,* 309.

If an award be good in part, it will not be set aside, provided the good is not so blended with the bad, as to make the two inseparable. *Hartland vs. Henry,* 44 *Vt.* 593; *Garritee vs. Carter,* 16 *Md.,* 309; *Bullitt vs. Musgrave,* 3 *Gill,* 31; *McCormack vs. Gray,* 13 *How. (S. C.,)* 26.

In this case the account filed with the award, though the award does not refer to it, exhibits the items which enter into the account, and that they are separate and distinct. If some of the items be good, they can be retained, and if some be bad, they can be rejected without interfering with each other. *Burrows vs. Guthrie,* 61 *Ill.,* 70; *McCormack vs. Gray,* 13 *How. (S. C.,)* 26; 26 *Verm.,* 345; 5 *Wall.,* 430; 17 *How.,* 349; 27 *Md.,* 417.

The damages given for the violation of his contract, by I. Bergman, were not too remote and speculative. In giving damages, the Courts of law follow as certain a rule

as the nature of the case admits. *Brown & Otto vs. Werner*, 40 *Md.*, 15.

A Court may reform an award by striking out credits, &c. If the Court can be informed by testimony in the award itself, or by testimony *aliunde* of unjust charges or allowances, that would amount to fraud, it will correct them, and confirm the award as to the balance. *Moore vs. Luckless*, 20 *Gratt.* (*Va.*,) 160; *Rawson vs. Hull*, 56 *Me.*, 142.

*I. Rayner* and *Wm. F. Frick*, for the appellee.

It is clear that in the award, the arbitrators have proceeded beyond the articles of submission, and determined upon matters not left to their judgment.

An examination of said articles, in connection with the bill of complaint which was filed by said Glanding and Bullock in the Circuit Court, and which was dismissed for the purpose of leaving the matters contained in it to arbitration, will satisfy any one, that the only subject to be determined upon by said arbitrators, was the adjustment of the books and the balancing of the accounts between the parties; that it was not within their province to enquire into the matter whether or not Glanding and Bullock had suffered any damages by the failure of Bergman to continue the business, and when they did so, they proceeded beyond their jurisdiction.

If any claim for breach of contract by Bergman in fact existed, and the arbitrators had authority to assess damages for any such alleged breach, (both of which propositions are denied,) nevertheless, the arbitrators had no right to adopt a *measure* of damages, which the law unequivocally repudiates in all cases as improper and unjust. They confessedly made up an award based upon an estimate of speculative profits which might have accrued, if Bergman had placed more capital in his business and enlarged it, and of like prospective profits which *might* have accrued,

if the business had been continued with such capital, after the period when it actually ceased. The determination of one arbitrator and the umpire to enter upon this unauthorized and illegal inquiry, caused the withdrawal of the other arbitrator; and the persistency of the former in entering upon this speculative estimate, *ex parte*, and making what they were pleased to call an award upon it, after their colleague had retired, and without any notice to him or any notice to Bergman, in conformity with the other arbitrator's request, certainly vitiates the so-called award. *Wilson vs. Boor*, 40 *Md.*, 483; *Young, &c. vs. Reynolds, et al.*, 4 *Md.*, 375; *Bullitt vs. Musgrave*, 3 *Gill*, 31; *Emory, et al. vs. Owings*, 7 *Gill*, 488; *Morse on Arbitration and Awards*, 116.

If the Court is of the opinion that the arbitrators have exceeded the authority vested in them by the articles of submission, then clearly, as stated by the Circuit Court in its opinion, the good part of the award cannot be separated from the bad, for the authorities are clear that one part of an award cannot be upheld and another part vacated, *unless the two parts are independently set out in the award, and are separated upon the face of the award itself.* It is only necessary to glance at the award in this case to see that the sum which was found against Bergman is stated collectively ; that there is no separation of the two elements which make up the same, namely, *the indebtedness from the books and the claim for damages;* and that this is an apparent and fatal defect which cannot be helped by evidence, *dehors* the award itself. *Morse on Arbitration,* 313, 470, 474, 477.

BARTOL, C. J., delivered the opinion of the Court.

The bill of complaint in this case was filed by the appellee for the purpose of setting aside an award. It appears from the record that in 1872, the appellee had a contract with the Board of Directors of the Penitentiary,

under which he was entitled to carry on the manufacture of harness in that institution; and on the 15th day of November of that year, he entered into a written agreement with the appellants, to unite with them in partnership in carrying on the business.

The partnership continued till March 6th 1874, when the appellants filed a bill of complaint against the appellee, charging him with having violated his agreement, and praying for a dissolution of the firm, an account of the affairs of the partnership, the appointment of a receiver, and for an injunction.

On the 12th day of March 1874, the parties entered into the following agreement: .

"It is agreed this 12th day of March 1874 between the undersigned Isaac Bergman, David Glanding and James Bullock, that all matters of controversy between them up to this date be settled by them; Isaac Bergman agrees to sell out his contract with the Penitentiary, and the tools, fixtures and machinery, used in the same at the Penitentiary, to any person whom the said Glanding and Bullock can succeed in getting to take his place, at such sum as may be fixed by two disinterested appraisers, to be selected by the (said) Bergman and purchaser, with right to them to choose an umpire in case they disagree.

" And it is further agreed that all matters appertaining to, or connected with the business in which the said parties have been engaged together in the Penitentiary, under the contract with the Directors thereof, and also under the contract between themselves, shall be referred at once to two arbitrators, one to be chosen by said Isaac Bergman, and the other by the said Glanding and Bullock, with power to them, the said arbitrators, to choose an umpire in case of disagreement, the said arbitrators to be named by the parties aforesaid, on or before three o'clock to-morrow; the said arbitrators to have access to all books and papers belonging to the concern, and to ascertain and determine

finally the precise interest of each party in business. It is understood that this agreement has nothing to do with any claim or controversy, as between Glanding and Bullock and the firm of P. Bergman & Son.

(Signed,)            ISAAC BERGMAN,
DAVID GLANDING,
JAMES BULLOCK."

Under this agreement of reference, arbitrators were appointed, the appellants choosing *Thomas Daley,* and the appellee choosing *Marcus S. Hess,* who accepted the appointment ; at the first meeting, the arbitrators chose *Henry Seim* as umpire. During the proceedings by the arbitrators, Hess withdrew from the arbitration. The other two arbitrators *Daley* and *Seim* proceeded with their investigations and made an award, signed and sealed by them, in which Hess did not unite, he having taken no part in the proceedings after his withdrawal.

Several objections are made to the award, one of which is " *that the arbitrators proceeded beyond the articles of submission and determined upon matters not left to their judgment.*" As we are of opinion that this objection is well taken, and is fatal to the validity of the award, it is unnecessary for us to notice the other objections urged by the appellee, and argued by the counsel.

The award adjudges that Isaac Bergman owes and is indebted to James Bullock in the sum of $3850.78, and to David Glanding in the sum of $3967.28,—and awards that " *Isaac Bergman pay to David Glanding, as the portion of the profits due to him, and of the losses by him sustained by the neglect and refusal of I. Bergman to keep and abide by his contract with said Glanding, in relation to the said business conducted by them in the Penitentiary, the sum of $3967.28 ; and for the like contract, as the profits and damages justly owing and arising out of the same, that the said Isaac Bergman pay to James Bullock, as owing to and sustained by him, the sum of $3850.78.*"

It is manifest from an examination of the agreement of reference, that this award embraces matters not within the terms of the submission. By the agreement the parties referred "*all the matters appertaining to or connected with the business in which they had been engaged together in the Penitentiary under contract with the Directors thereof, also under the contract between themselves,*" ° * * * "*the said arbitrators are to have access to all books and papers belonging to the concern, and to ascertain and determine finally the precise interest of each party in business.*" The reference was of the partnership affairs, with power to the arbitrators to examine and adjust the accounts between the partners, and to determine their respective rights and liabilities to each other with respect to the property and business of the firm. They were not authorized to decide upon any claims of damages made by the appellant, based upon matters not included in the partnership transactions and business.

The proof shows that the arbitrators took into consideration the claims made by the appellants for alleged damages resulting to them from discontinuing the business; and included in the sums awarded to the appellants, an estimate of the profits which they suppose might have been made by the appellants, if the business had been continued till the contract of Bergman with the Directors of the Penitentiary would have terminated. Damages estimated upon such a basis, are altogether speculative, and of too uncertain a character to be sanctioned by the Courts. But apart from this consideration, the subject-matter out of which they are supposed to have arisen, was not one submitted to the arbitrators, and they exceeded their authority in making it the ground of their award.

While Courts regard awards with favor, and every intendment is made for their support, as was said in *Caton vs. McTavish,* 10 *G. & J.,* 193; *Ebert's Ex'rs vs. Ebert's Adm'rs,* 5 *Md.,* 353, and in *Roloson vs. Carson,* 8

*Md.*, 208. Yet it is well settled that they cannot be supported, if the matters awarded are not within the terms of the submission ; the parties are not bound except by their agreement, and a decision by the arbitrators of any matter not referred to them is beyond their authority ; and vitiates the award, unless that part of it which is outside of the submission can be separated from the rest.

In *Caton vs. McTavish*, the Court said "The principle is well settled that where the matters awarded are independent and distinct from each other, those which are within the submission are good, and not vitiated or contaminated by those which are without it." 10 *G. & J.*, 216.

In this case it is impossible to make the separation. The sums awarded to the appellants are *in solido;* and on the face of the award there is nothing to show what part of those sums consisted of damages awarded to the appellants, as before stated. An attempt has been made by the appellants, to show by evidence taken before the arbitrators, in what manner they reached their conclusion, and the items making up the gross sums awarded ; and for this purpose the paper made out by the witness, *Navy,* was produced. But it is clear upon the authorities that such evidence is inadmissible for that purpose.

Lord C. J. DENMAN said in *Tomlin vs. Mayor of Fordwich*, 31 *E. C. L.*, 306 :

" I always find a difficulty in separating the good part of an award from the bad. The arbitrator probably frames one part with a view to the other, and each may be varied by the view which he takes of the whole." "This observation" says Russell, "is worthy of attention since it seems to embody the principle on which the Courts will act at the present day, when they are called upon to decide whether an award clearly bad in part, can be separated as to the remainder, for it must often happen that a direction perfectly separable as far as the gram-

matical construction of the award is concerned, is the ground on which the arbitrator has proceeded in making some equivalent provision in favor of the other party." *Russell's Arbitrator*, 325, (63 *L. Lib.*, 261.)

It is settled that the separability of the bad from the good, must be apparent on the face of the award. *Adams vs. Adams*, 8 *N. H.*, 82; *Dalrymple vs. Whittingham*, 26 *Verm.*, 345, 354; *De Groot vs. U. States*, 5 *Wallace*, 420; *Cromwell vs. Owings*, 6 *H. & J.*, 10; *Garritee vs. Carter*, 16 *Md.*, 309, 313.

Here, as before said, that is not practicable. For the reasons stated we think the decision of the Circuit Court was correct and the decree will be affirmed.

*Decree affirmed.*

(Decided 7th March, 1877.)